### 16350. MITCHAM et al. v. CITIZENS BANK OF BULLOCHVILLE.

Individual liability for debts of a corporation can not be imposed upon all its members by a by-law adopted by vote of a majority of the members where no provision for such liability is made by statute or charter. Corporations without capital stock are within this rule.

No question as to estoppel of the defendants to allege the invalidity of such a by-law is raised by the pleading in this case.

The action being against the corporation and all its members, and the validity of such a by-law being essential to the maintenance of the action, the petition should have been dismissed on demurrer on the ground of misjoinder of parties.

DECIDED NOVEMBER 16, 1925. REHEARING DENIED DECEMBER 21, 1925.

Complaint; from Meriwether superior court—Judge Roop. February 19, 1925.

Application for certiorari was made to the Supreme Court.

*Terrell & Terrell, H. H. Revill, M. Z. O'Neal, W. R. Jones, J. P. Atkinson, W. E. Smith, N. F. Culpepper, A. L. Hardy,* for plaintiffs in error.

*R. A. McGraw, J. F. Hatchett,* contra.

JENKINS, P. J.   The Citizens Bank of Bullochville brought joint action in two counts against the Warm Springs Truck Growers Association and all its members.   In the first count of the petition, as amended, it is alleged that the association was incorporated without capital stock, under authority of the act of the General Assembly approved August 17, 1920 (Ga. L. 1920, p, 125), a copy of the charter being attached to the petition, and that the said association and all of its members were indebted to the plaintiff on two certain notes, aggregating the principal sum of $1,767.58 (copies of which were attached), executed, signed, and delivered by the association to the plaintiff bank; the alleged liability of the members being based on a regularly adopted by-law, attached to the petition, by the terms of which the members became liable for their per capita share of the debts of the association up to and including the sum of $25,000.   It is alleged that this by-law was made known to said bank by defendants, and that upon the faith of it the bank extended the credit which is the basis of this suit. In the second count, a judgment of joint liability against the corporation and its members in the sum of $5,429.10 was sought on certain individual notes, some of which were signed by members of the association and others by non-members, made payable to the association and indorsed by it to the plaintiff.   The by-law embracing the liability of the members for the debts of the corporation was also set forth in the second count.   Plaintiff's contention as to the basis of this count is not that the plaintiff "is suing the members and signers of any notes set out in count 2 as makers, but is suing the association and members thereof because of the indorsement thereof by the association to the bank for a valuable consideration."   There were general and special demurrers to the petition, one of them setting up a misjoinder of parties and a misjoinder of actions.   Section 8 of the act referred to (Ga. L. 1920, p. 125) provides "that each corporation shall formulate by-laws prescribing the duties of the directors and officers; the manner of distributing the profits of the business, the manner of becoming a member, and such other rules and regulations for its officers and members as will tend to make the corporation an effective business corporation; buy, sell, and own real estate and other property, and to sue and be sued in its own corporate name."   The charter of the Warm Springs Truck Growers Association contains the following

language: "to make such by-laws as may be necessary or proper for the management of its property and regulation of its affairs."

1. The theory of joint liability set up by the first count is that the association is liable on its note, and all its members are liable as members under the by-law; under the second count, that the association is liable on the notes by virtue of its indorsement of them to the bank, and that all the members of the association are liable, not as makers of the notes, but as members of the association, under the by-law. In either case there is manifestly a misjoinder of parties, unless the liability under the by-law subsists.

2. At common law the stockholders in a corporation are not individually liable for the corporate debts. *Tichenor* v. *Williams Block Pavement Co.,* 116 *Ga.* 303, 306 (42 S. E. 505). Such liability may be created by statute (*Robison* v. *Beall,* 26 *Ga.* 17, 73); or the members may incur liability by legally pledging as individuals their personal credit for the obligations of the corporation. *Flint* v. Pierce, 99 Mass. 68 (96 Am. Dec. 691). But the mere passage of a by-law seeking to impose individual liability upon all of the members of a corporation where neither the general statute nor the charter so provides is invalid, even though the by-law be regularly adopted by a majority vote of the members in meeting regularly called; and it can not impose individual liability upon the members of the corporation. *Reid* v. *Eatonton Mfg. Co.,* 40 *Ga.* 98 (2 Am. Rep. 563).

3. The question of estoppel can not be considered if it is not raised in the pleadings. *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455). The petition, while setting forth that the adoption of such by-law was made known to the bank by the "defendants," and that credit was granted to the corporation on the faith thereof, does not specifically raise the question of estoppel, but appears to plant the claim of liability upon the validity of the by-law. However this may be, the doctrine of estoppel could only be invoked as a preclusion in law which would prevent the defendants from making a denial contrary to their own previous allegations acted on by the opposite party to its injury. Thus, under the allegations of the petition, the defendants could not be heard to deny that such a by-law had been adopted, whatever the truth as to that might be; but in the absence of any false or fraudulent representation as to what had been done, their report that a by-law had been adopted,

which in law was necessarily null and void, would not render them liable under such by-law. "The fact that the individual members of the corporation may have represented to the public that they were so liable, will not bind them as stockholders." *Reid* v. *Eatonton Mfg. Co.,* supra.

4. The validity of such an attempted by-law being essential to the maintenance of the joint action, and it being ineffective, the petition should have been dismissed as involving a misjoinder of parties.    *Judgment reversed. Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

JENKINS, P. J.    Able counsel for defendant in error, in their motion for rehearing, submit that the rule set forth in the syllabus as to the invalid by-law does not apply where the corporation concerned has no fixed capital stock. They cite Thompson on Corporations, vol. 4, as follows: "§ 4728. By-laws creating a personal liability. This personal liability of stockholders may undoubtedly be imposed by by-law. But it would be necessary, to give a by-law such binding effect, that it had been consented to by all stockholders, and relied upon by a creditor in dealing with the corporation and giving it credit; and as in the case of an agreement this would bind the members individually rather than as stockholders. Where a corporation having no fixed capital enacted by-laws by which each of the corporators were bound to contribute equally to all expenses incurred, it was held that the stockholders were liable for the debts of the corporation." The citations given by the author of this work in support of the last proposition stated in the quoted excerpt are: Hume v. Winyaw &c. Canal Co., 1 Car. L. J. 217; Savage v. Putnam, 32 Barb. (N. Y.) 420. We have been able to examine only the latter of those two cases, and find that the case does not relate to a corporation at all, but to a private stock company or partnership. In the opinion the court said: "If it were a corporation, neither the outgoing member, nor indeed any of the stockholders, would be personally liable for the debts of the concern, unless made so by the law which created the corporation." In the instant case the association is a duly chartered business corporation without capital stock, created for the purpose of conducting an agricultural, dairy, or other business on the co-operative plan. Under the law it could have been incorporated either with or without capital stock. If intended to earn a profit for itself,

capital stock would be required, but if its purpose was purely co-operative and intended only for 'the mutual help and benefit of its members, it need not have stock. In either event it would be an "effective business organization" with power and authority to transact in its corporate name the business authorized, and as such it could acquire property, incur liabilities, and "sue and be sued in its corporate name." The fact that such an incorporated business organization is without capital stock would not take from it its corporate character or entity, and consequently its members would not be liable for its debts as a matter of law. Since they are not, we see no reason why a portion of the members could be authorized to render another portion individually liable for the debts of the corporation by the adoption of a by-law. We do not see why the general rule would not apply, to wit: "Where neither the charter nor the governing statute imposes on the members a personal liability to pay the debts of the corporation, such liability can not be created by any by-law or vote of the corporation so as to be binding on dissenting members." 10 Cyc. 357 (9).

Counsel for the movant, in their motion for rehearing, say: "It might be said that on the trial of the case some of the defendants could be heard to say that they did not participate in the by-law and did not in any manner render itself liable in any manner, but, as the suit is brought, certainly the court could not, on demurrer, assume such a defense, and because of that assumption hold that there is a misjoinder of defendants." It must be borne in mind that the plaintiff's petition does not allege that all the defendants, or which of the defendants, concurred in the adoption of the by-law. The allegation of the petition amounts to nothing more than that the by-law was regularly adopted by the members at a regularly called meeting. That it was thus adopted indicates nothing further than that a majority of the members acquiesced in its adoption. No light is thrown by the petition upon which of the members actually acquiesced, or who, or how many, less than a majority, might have dissented. So far as any allegation of the petition shows, one less than a majority of the members sued might have failed to participate or might have dissented. As we construe the suit, it is planted upon the binding effect of the by-law; that it was effective as a by-law upon its adoption, or that the members by their subsequent conduct are estopped from denying its validity

as such. The petition in no way undertakes to show that the defendants, to use the language of the decision in this case, incurred "liability by legally pledging as individuals their personal credit for the obligations of the corporation." For the reason that we did not consider that any such contention was the purpose or legal effect of the averments, we did not consider or discuss how or in what manner this might be done. The quoted excerpt from the motion now under consideration would seem, however, to attack the ruling on the theory that the petition was in fact based not upon the binding effect of the by-law, as such, upon each and all of the members, but upon an alleged individual assumption of personal liability by the members composing the corporation as already indicated. The petition does not set forth facts such as would permit a claim of liability on such a theory. Under either theory, the burden of alleging and proving individual liability on the part of stockholders for corporate indebtedness is on the party seeking to impose it. In our opinion the petition can not be taken as seeking to set up the individual assumption of personal liability by the members of the corporation. Without going into the question of how and in what manner the members of a corporation might, as individuals, legally pledge their personal credit for the corporate indebtedness, the petition does not even disclose what members in any way might have participated in the adoption of the alleged by-law; nor does it show who might have assented and who might have dissented in its adoption. Assuming, therefore, that the petition, as it asserts itself to be, and as it necessarily must be, is based not upon this theory, but upon the validity of the alleged by-law, which purports, as such, to bind all the members of the corporation, and being of the opinion that such a by-law is null and void, and without any binding force and effect, we held that the individual members were improperly joined in a suit against the corporation on its corporate obligation. As stated in the decision, even if we could consider the doctrine of estoppel as having been invoked, under the explicit ruling made in *Reid* v. *Eatonton Mfg. Co.,* supra, the mere holding out by the members of the corporation that such a by-law, void on its face, had been adopted would not operate to hold them liable under its terms.

*Rehearing denied.*