SAMMONS *v.* GLASCOCK COUNTY; *et vice versa.*

ATKINSON, J. 1. Section 10 of the act approved July 31, 1912 (Acts 1912, p. 389), creating the office of commissioner of roads and revenues for the County of Glascock, provides: "That said commissioner of roads and revenues shall receive for his services as such the sum of sixty-five dollars per month, provided he devotes his entire time and attention to road working and other county matters, and thereby dispenses with the necessity and expense of having a road overseer. In the event said commissioner employs a road overseer, does not devote his entire time and attention to road working and county matters, but employs a road overseer, has only the duties himself of supervising and controlling the road working and other county matters, he

Highways 29 C. J. p. 572, n. 19, 21 New.
Injunctions 32 C. J. p. 269, n. 23; p. 319, n. 31.
Limitation of Actions 37 C. J. p. 767, n. 44 New; p. 768, n. 63.

shall receive for his services the sum of thirty-five dollars per month. Either salary that said commissioner may become entitled to shall be paid monthly out of the county treasury, and shall be his entire compensation for his services and for his clerk hire." *Held,* that if a commissioner holding office under the foregoing provisions issues to himself a warrant drawn on the county treasurer, for compensation as commissioner under the provisions of the act, when in fact no amount is due him for such compensation, the warrant will be unlawful; and if there is likelihood of the warrant being paid by the treasurer, equity will entertain a suit to cancel it and enjoin its payment. *Smith* v. *Fuller, 135 Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70).

(*a*) This ruling does not conflict with the decisions of *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500 (4) (49 S. E. 618); *Shannon* v. *Reynolds,* 78 *Ga.* 760 (3 S. E. 653); *Coleman* v. *Neal,* 8 *Ga.* 560; *Beall* v. *State,* 9 *Ga.* 367.

(*b*) The petition alleged cause for equitable relief as indicated above, and the judge did not err in overruling the general demurrer.

2. The provision in the last sentence of section 10 of the above act, that the salary of the commissioner "shall be paid monthly out of the county treasury," properly construed, does not mean that where salary is earned but not paid monthly the officer shall be barred of his right to collect it.

3. Section 411 of the Civil Code, "All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability," is not applicable to allowances for salary of the commissioner under the above-stated act. The cases of *Butts County* v. *Wright,* 136 *Ga.* 697 (71 S. E. 1046), *Dement* v. *DeKalb County,* 97 *Ga.* 733 (25 S. E. 382), and *Neel* v. *Commissioners of Bartow County,* 94 *Ga.* 216 (21 S. E. 516), referred to claims against counties based on breach of duty, and were different in character from the provision for salary which is made by statute as stated above. The salary is an allowance provided by law for the benefit of the commissioner as a public officer, and has no reference to contract or breach of duty. *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865); *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319).

4. For reasons indicated in the preceding division Civil Code § 4362, "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action accrues," does not apply to the right of a commissioner to collect salary that is due him under the act.

5. Where salary is due to the commissioner under the act, it is not necessary that it be audited or entered upon the minutes of the board. *Culberson* v. *Watkins,* supra.

6. Applying the foregoing principles, the judge erred in overruling the grounds of demurrer that involved the questions that have been decided, and in allowing the amendment to the petition alleging that the defendant's right to salary for any time more than four years before the warrant was issued was barred by the statute of limitations.

These errors rendered all subsequent rulings of the trial judge nugatory.

*Judgment on the main bill of exceptions reversed. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 4821, 4822. FEBRUARY 20, 1926.

Equitable petition. Before Judge Perryman. Glascock superior court. February 17, 1925.

*L. D. McGregor,* for Sammons. *B. F. Walker,* contra.