BAGGETT, sheriff, *v.* BARROW *et al.,* commissioners;
*et vice versa.*

1. Prior to the passage of the act of 1918, fixing the fees of sheriffs of this State (Acts 1918, p. 226), a sheriff was entitled to $10 only for summoning juries at each term of the superior court. Civil Code (1910), § 5997. Under the act of 1918, the sheriff is entitled to the sum of $10 for summoning "each jury" at or during any term of a city or superior court. The term "each jury," as used in that act, means each grand jury and each petit jury drawn under the provisions of sections, 823, 826, 866, 874, and 875 of the Penal Code. Such term does not include tales jurors, whether personally summoned by direction of the judge or drawn to make up or complete panels of jurors.

2. All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months, after the removal of such disability.   Civil Code (1910), § 411.  Claims of sheriffs for summoning juries under the provisions of the act of 1918 fall within the provisions of the section of the Code just cited; and when not presented within twelve months after they accrue, they are barred.

(a) While compensation for such services is provided by the act of 1918, the amounts coming to such officers for such services are not fixed and certain, but depend on the number of juries summoned by them under said act, and for this reason do not fall within the principles announced in *Lamb* v. *Toomer*, 91 *Ga.* 621 (17 S. E. 966); *Gamble* v. *Clark*, 92 *Ga.* 695 (19 S. E. 54); *Chatham County* v. *Gaudry*, 120 *Ga.* 121 (47 S. E. 634); *Clark* v. *Eve*, 134 *Ga.* 788 (68 S. E. 598); *Tucker* v. *Shoemaker*, 149 *Ga.* 250 (99 S. E. 865); *Culberson* v. *Watkins*, 156 *Ga.* 185 (119 S. E. 319); *Sammons* v. *Glascock County*, 161 *Ga.* 893 (3) (131 S. E. 881).

(b) While the sheriff was entitled to a sum greater than that awarded him by the court, all amounts claimed by him prior to the September term, 1926, of Douglas superior court were barred, because they had not been presented to the board of county commissioners for audit within the time required by law; and for this reason he was not entitled to a mandamus absolute requiring the commissioners to audit any claims which were barred under the ruling supra; but as some of the claims were not barred at the time he filed his petition, the trial judge properly overruled the demurrer to the petition which included such unbarred claims.

3. Since the court did not err in the ruling of which complaint is made in the cross-bill of exceptions, and since the only error in the judgment of which complaint is made in the main bill of exceptions is one in amount, it is ordered that the amount be corrected in accordance with this decision.

Nos. 6156, 6157.  August 16, 1928.

Petition for mandamus.  Before Judge Moore.  Douglas superior court.  July 20, 1927.

*Astor Merritt,* for plaintiff.  *J. R. Hutcheson,* for defendants.

Russell, C. J.  Baggett in his capacity as sheriff of Douglas County sought by mandamus to collect back pay alleged to be due him by that county as fees or compensation due from the date of the approval of the act of 1918, fixing fees or compensation of sheriffs (Acts 1918, p. 226), alleging that he was entitled to have, as compensation for his services in summoning juries, the sum of $10 for the whole number of jurors summoned for service as grand jurors at each term of court, and $10 for each twelve men summoned for service as traverse jurors at each term of the superior

court; that he had collected, for the entire service rendered, only the sum of $20 for all service at each term of the superior court; and that each term of superior court had been held for a period of two weeks, except where an adjourned term had been held, which was held for only one week, and only the sum of $10 collected for service in summoning jurors at said adjourned terms. The defendants, the commissioners of roads and revenues of Douglas County, filed a demurrer and an answer, setting up as defense that all items of compensation sued for, excepting the items for service at the September term, 1926, and the March term, 1927, were barred by reason of the fact that the claim for same had not been presented to the board of commissioners of roads and revenues within one year after the same became due; that plaintiff was estopped from suing for any back compensation, because the defendants had paid all amounts that had been demanded by him at each term of court when said services were rendered; and that there was no liability on the part of the defendants, because the plaintiff had already been paid all compensation that he was entitled to receive for such services. The trial judge sustained the demurrer as to all claims accruing more than twelve months prior to the filing of the demand or claim with the county commissioners, holding such claims barred; but made the mandamus absolute for the sum of $20, as compensation for services rendered in summoning juries at or during each term of the superior court for which the account was not barred, holding that the plaintiff was entitled to receive $10 for all men summoned for service as grand jurors, and $10 for all men summoned for service as traverse jurors during any one week of court, without regard to the number summoned. The plaintiff excepts to the refusal to make the mandamus absolute for the total amount claimed by him. In a cross-bill of exceptions error is assigned by the defendants upon the ruling allowing the plaintiff to recover $20, being balances of $10 for the September term, 1926, and $10 for the March term, 1927, of the superior court.

Prior to the passage of the act of 1918 (Acts 1918, p. 226) the sheriffs of this State were entitled only to a fee of $10 "for summoning juries at each term of superior court." Civil Code (1910), § 5997. The act of 1918 makes no reference to § 5997, which theretofore included the fees allowed sheriffs for various services required by law; but by comparison of the eight items included in

the act of 1918, in which the fees of the sheriffs were increased, it
is plain that the General Assembly had § 5997 of the code before
it. As relates to the particular item in the fee bill involved in the
case at bar, the act of 1918 provides: "For summoning a jury
at or during any term of city or superior court, each jury (formerly
'For summoning juries at each term of superior court') $10." It
is thus plain that the legislature intended to pay sheriffs for the
performance of a duty which frequently had devolved upon them
and for which they had received no compensation,—that of sum-
moning grand juries and extra juries when directed by the court.
In the case now before us the trial judge allowed the sheriff $10
for the regular grand juries and for one traverse jury at each term
of the court, for the September, 1926, and the March, 1927, terms
of Douglas superior court, and held that the claims for jury serv-
ing at terms of the court more than one year before the filing of
the petition were barred. He allowed the sheriff $20 in addition
to the amounts already paid him for summoning two juries. The
first question which arises is the meaning of the words "each jury,"
as that term is employed in the paragraph of the act of 1918 which
we have quoted. It appears from the itemized bill of the sheriff
as attached to the petition for mandamus that the sheriff claims
$10 for every twelve jurors summoned or fraction of a jury of
twelve. For instance, one item is, "41 men, 4 juries, $40," appear-
ing in his bill for the September term, 1925. When the words
"each jury" were inserted by the General Assembly, it is our opin-
ion that they did not intend to fix the meaning of the term in the
class or sense in which a trial jury composed of twelve men is
ordinarily used. We are well aware that there is a sense in which
a trial jury must be construed to mean a body composed of exactly
twelve men, good and true. However, the meaning which has been
uniformly attributed to the word "jury" in connection with the
compensation allowed for summoning juries has no such signif-
icance. Under the provisions of the code the judge of the superior
court ordinarily draws a jury from the box, and in such case as
prescribed in our code the number twelve has no connection with
the number drawn. He is empowered to draw from the grand-jury
box the names of thirty men. This is the grand jury, for the sum-
moning of which a fee of $10 is prescribed. Thirty men are drawn,
and must be summoned if they can be found, though only twenty-

three can serve. As to traverse juries, thirty-six ordinarily are drawn, and yet the judge may draw a larger number, and those thus drawn, if qualified and unless excused by the court, constitute the traverse jury for that term of the court, regardless of their number. Provision is also made for emergencies in which the judge may draw extra juries or new juries during the term of court, or he may direct the sheriff to summon a jury of any number named by the court in the exercise of his discretion. The term "each jury," as employed in the act of 1918 does not include tales jurors.

2. The statute of 1918, fixing the fees of sheriffs, relates only to fees in which the gross amount for the service to be performed in any one year or at any one term of the court is variable and altogether uncertain, being dependent upon the number of juries summoned for the particular court under investigation by the county authorities in their order. The rulings announced in headnote 2 require no further elaboration.

3. Exception is taken, in the cross-bill, to the judgment making the mandamus absolute for $20,—$10 for the September term, 1926, and $10 for the March term, 1927, of Douglas superior court; it being insisted that the judgment should have been one refusing a mandamus absolute for any sum, and that a judgment should have been rendered in favor of the defendants and against the plaintiff. Since it appears from the recitals of the bill of exceptions that the trial court held, as we do, that the "sheriff was entitled to $10 for serving each grand jury at each term of said court," we find no error in the judgment, except that apparently $10 for serving one or the other of the juries stated in the claim was omitted; and we therefore direct that the judgment be so amended as to make the sum rendered in favor of the plaintiff $30 instead of $20, and thereupon the judgment of the trial court be affirmed, with costs taxed against the defendants in error in the main bill of exceptions, since the plaintiff in error therein has obtained a substantial modification of the judgment. Since one of the facts contained in the agreed statement of facts is that the number of juries set forth in the sheriff's claim is correct, it is not necessary to send the case back for another trial.

*Judgment on main bill of exceptions affirmed, with direction. Cross-bill of exceptions dismissed. All the Justices concur.*