30488. CITY OF WARRENTON v. JOHNSON.

NICHOLS, Chief Justice.

This case involves a dispute over the location of a police booth of the City of Warrenton on the Warren County Courthouse property. The city was given oral permission in 1956 by the then county commissioner to build a police booth on the corner of the courthouse property at a cost of $1,300. In 1972 the city obtained written permission in the form of a letter from the predecessor of the present county commissioner to build an addition onto the booth, but no action was taken until 1973 when the present commissioner had taken office. In 1975 the county commissioner demanded that the city remove the police booth from the courthouse property. The city refused and was notified that unless it was removed by August 15, the county would have it removed. The city brought the present action to restrain the commissioner from removing the building and claims an

easement running with the land (Code § 85-1404) by virtue of the original parol permission, the later written permission and the expenditure of funds on the improvements. The trial court found that there was no valid permission given, denied the city's request for injunction and granted the defendant's counterclaim for injunction. The city was given 30 days to remove the building from the courthouse property. The sole enumeration of error contends the evidence · demanded a finding that the city had a valid easement.

1. The appellant's claim to an easement running with the land by virtue of the original oral permission would have to be based on a valid authority from its inception. If the license given to the city was not granted in some manner recognized by law, it could not be valid authority since the county commissioner could only do those acts authorized by law. Code § 91-804 provides: "When any public property shall become unserviceable, it may be sold or otherwise disposed of, by order of the proper authority, and an entry of the same shall be made in said book . . ." and Code § 23-1701 requires that all contracts entered into on behalf of the county be in writing and entered on the minutes. Oral contracts on behalf of a county have repeatedly been held to be void, thus the permission here could never ripen into a valid easement. In *Berolzheimer v. Taylor,* 230 Ga. 595, 600 (198 SE2d 301) (1973), this court, in construing Code § 85-1404, held: "It does not apply to implied licenses nor is it susceptible to such an interpretation. The statute will not be extended beyond its plain terms . . ."

Since none of the methods authorized by statute was followed in the grant of the permission to the city to use the property in question, it would amount only to an acquiescence by the county to the use and could be terminated at any time.

2. The trial court did not. err in denying the city's prayer for injunctive relief and granting the defendant commissioner's prayer for an injunction restraining the continued use of the courthouse property by the city.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 12, 1975 — DECIDED DECEMBER 2, 1975.

*W. Tom Veazley, Jack D. Evans,* for appellant.
*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellee.