74235. CITY OF DALLAS v. WHITE et al.
(357 SE2d 125)

BANKE, Presiding Judge.

The appellees sued the City of Dallas seeking to be reimbursed for the construction of a sewer line. The complaint was predicated both on breach of contract and *quantum meruit*. The trial court

granted summary judgment to the appellees with respect to the city's liability on the *quantum meruit* claim, reserving the issue of damages for trial. The city appeals.

The evidence, construed most strongly in favor of the city as the party opposing the motion for summary judgment, may be summarized as follows. In June of 1984 appellee White and his attorney met with the city manager and the city attorney to discuss the construction of a sewer line from the appellees' property to a lift station on the city's existing sewer line. It was agreed that the appellees would construct the line and secure an easement in favor of the city pertaining to the property on which the line was located. The sewer line was subsequently constructed under the city's inspection, and the easement was delivered as promised to the city attorney and was thereafter filed of record with the superior court.

On October 7, 1985, appellee White made a request of the city council to pay one-half the cost of the sewer line. At that meeting, the city council passed a motion to pay an unspecified "share" of the cost of the sewer. On October 9, 1985, a third party paid a fee to the city for tapping into the sewer line constructed by the appellees. On October 18, 1985, appellee White refused an offer by the city to reimburse the appellees over a four-year period for one-half the cost of the sewer line. *Held*:

The parties clearly had no formal, written agreement with respect to reimbursement; however, it is well settled that where a municipality has accepted a beneficial service, it may be held liable in *quantum meruit* for the value of the benefit received. See, e.g., *City of Saint Marys v. Stottler Stagg & Assoc.*, 163 Ga. App. 45, 46 (292 SE2d 868) (1982). Thus, the only issue presented by this appeal is "whether the city could and did ratify the acts and receive a benefit from them so as to be liable for their reasonable value." *City of Gainesville v. Edwards*, 112 Ga. App. 672, 674 (145 SE2d 715) (1965).

It is clear from the record that the appellant impliedly ratified the construction of the sewer line by overseeing it and by accepting the easement. It is further clear that the city received a tangible benefit from the construction in the form of a fee paid by a third party for tapping into the line. We reject the city's argument that a recovery in *quantum meruit* is barred where the party seeking recovery has itself benefited from the services performed. An action for damages in *quantum meruit* ordinarily arises whenever one renders services valuable to another which the latter accepts. See generally OCGA § 9-2-7; *First Nat. Bank &c. Co. of Vidalia v. McNatt*, 141 Ga. App. 6 (232 SE2d 356) (1977). We are aware of no authority for the proposition that one is precluded from obtaining such a recovery if he, too, has received a benefit from the work performed.

It being clearly demonstrated by the record that the city ac-

cepted and was benefited by the appellees' services, we hold that the trial court did not err in granting partial summary judgment to the appellees on the issue of liability.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 17, 1987 —
REHEARING DENIED MAY 1, 1987 — 

*Thomas C. Sanders*, for appellant.
*Jeffrey B. Talley, Beverly M. Hartung*, for appellees.