A89A2051. COLE et al. v. CITY OF ATLANTA.
(392 SE2d 283)

BIRDSONG, Judge.

Appellants are golf professionals (and the representative of one deceased golf professional) who assert that they were parties to an oral contract with the City of Atlanta to provide services on the city's golf courses until each of them reached the retirement age of 70. Alleging that the City breached these contracts when it leased out the golf courses to another corporation, appellants attempt to recover the value of equipment and inventory purchased by them as well as funds paid to the City from golf cart rentals. Appellants' original suit, seeking to enjoin the City from leasing the golf courses and alleging the contract claim, was dismissed. On appeal, the Georgia Supreme Court determined that the contract claim only should not have been dismissed. After a jury trial on the contract issues, a verdict was rendered for appellants; the trial judge subsequently granted a judgment n.o.v.; and this appeal was taken. *Held*:

1. Appellants' first contention, that the action of the Supreme Court on the first appeal precludes the entry of a judgment n.o.v. herein, is without merit. The issue before the Supreme Court on the original appeal was the correctness of the grant of a motion to dismiss for failure to state a claim upon which relief could be granted. *Cole v.*

*City of Atlanta*, 257 Ga. 145 (357 SE2d 257). The Supreme Court, in deciding that the contract claim should not be dismissed, inherently held that the pleadings as presented stated a contract claim. See *W. M. Griffin Family Farms v. Northrup King & Co.*, 191 Ga. App. 304 (381 SE2d 441). The City was not thereby foreclosed from presenting a defense to that claim at trial, and if appellants were unable to establish evidence at trial to support their claim, the trial judge was not foreclosed from determining whether appellants carried their burden.

2. Appellants next contest the entry of the judgment n.o.v., and to support their argument, raise several issues regarding the validity of the contract with the City. We need only discuss one of those issues, whether the alleged contracts of employment were shown to have been authorized by an official or officials with power to bind the City, as our decision as to this issue renders the other issues moot.

It is clear under the law of this state that "[c]ity officials cannot establish a duty on the part of the city where none exists by law. OCGA § 45-6-5. [Cit.]" *Southeast Grading v. City of Atlanta*, 172 Ga. App. 798 (3) (324 SE2d 776). Further, any person dealing with a municipality in a contractual context has a duty to determine that the City has complied with the laws limiting and prescribing its powers. *City of Atlanta v. Bull*, 161 Ga. App. 648, 649 (288 SE2d 335). Therefore, a person asserting a contractual claim against the City must clearly show that the contract was authorized. See *City of Jonesboro v. Shaw-Lightcap*, 112 Ga. App. 890 (147 SE2d 65). The record in the instant case does not reveal any evidence, other than bare statements of opinion by city officials, that the contract alleged was authorized pursuant to acts of the City. The unauthorized nature of the contract also forecloses appellants from asserting estoppel against the City. Compare *Corey Outdoor Advertising v. Bd. of Zoning &c. of Atlanta*, 254 Ga. 221 (3) (327 SE2d 178).

As to appellants' contention that the trial judge erred in excluding from evidence the affidavit of the parks commissioner, we note that the affidavit, even if admitted, would not have shown authority by the City to contract as herein asserted.

Since there is no conflict in the evidence as to any material issue, and the " ' " " 'evidence introduced, with all reasonable deductions therefrom' " ' " (*Orkin Exterminating Co. v. Durden*, 189 Ga. App. 479, 480 (376 SE2d 376)) demands a finding that the alleged contract, even if proven, would be unauthorized, the judge was not in error in granting the judgment n.o.v. *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554).

3. The record on review also reveals that appellants submitted no evidence to support their claim for recovery on the theory of quantum meruit, under which appellants would only be able to recover the

value of their services to the City, not the cost to themselves of producing the desired result of the contract. *Stowers v. Hall,* 159 Ga. App. 501 (3) (283 SE2d 714). Thus, the expenditures of the provider are not to be considered in computing the value to the recipient. *All Risk Ins. Agency v. Southern Bell &c. Co.,* 182 Ga. App. 190 (7) (355 SE2d 465). At trial, appellants only introduced evidence of their costs. The equipment and inventory purchased by appellants remained their own property, and the portion of the golf cart rentals paid to the City was payment for the concession granted to them. Prior to their termination, appellants consistently received the agreed-upon consideration for their services, and since there was no evidence presented of any value received by the City which remained uncompensated, the judgment n.o.v. is affirmed.

4. Since the City's contention that appellant Cheryl Cole was not entitled to recover because Hume Cole died prior to any breach by the City presupposes the existence of a contract, based upon our holding herein, there is no need to address this issue on appeal.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur. Cooper, J., disqualified.*

DECIDED MARCH 7, 1990 —
REHEARING DISMISSED MARCH 23, 1990 — 

*Remler, Catts & Koski, Robert C. Koski,* for appellants.
*Marva Jones Brooks, Kendric E. Smith, Overtis H. Brantley,* for appellee.