### A96A0545. THE STATE v. GANONG.
(470 SE2d 794)

RUFFIN, Judge.

On November 7, 1994, a Forsyth County grand jury indicted Thomas Ganong for the offense of rape. On February 2, 1995, Ganong filed a demand for trial pursuant to OCGA § 17-7-170. On September 7, 1995, Ganong moved for acquittal because he did not receive a trial within two terms of court. The trial court granted Ganong's motion, and the State appealed. For reasons which follow, we affirm.

OCGA § 17-7-170 (b) provides that if a defendant "is not tried when the demand [for trial] is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." In this case, the State concedes that Ganong properly demanded a speedy trial, that juries were impaneled which could have tried him, and that no trial was provided to him within the required time. The State argues, however, that the trial court did not have jurisdiction over the case because venue did not lie in Forsyth County. See *Trogdon v. State,* 176 Ga. App. 246 (1) (335 SE2d 481) (1985). The State argues that absent jurisdiction, the trial court's judgment of acquittal is void. See id.

However, the only evidence of venue the State produced in support of its argument is a letter attached to its brief. "This procedure is not an authorized method to supplement the record. [Cit.] 'This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. (Cit.) Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs. (Cit.)' [Cit.]" *Leatherwood v. State,* 212 Ga. App. 342 (1) (a) (441 SE2d 813) (1994). As appellate judges we cannot take cases by their smooth handle; we accept cases on their facts as shown by the record as developed in the crucible of battle below. We cannot change, alter or amend facts; we can only examine them for evidentiary bases.

Inasmuch as the record supports the trial court's judgment acquitting Ganong due to the State's failure to provide him a speedy

trial, and the State has presented nothing showing the trial court did not have jurisdiction to enter such a judgment, we find no error. See *Scott v. State*, 206 Ga. App. 17 (424 SE2d 325) (1992).

The State's efforts to supplement the record in this case are without effect.

On January 24, 1996, more than four months after the State filed its notice of appeal, the trial court granted the State's motion for reconsideration. On March 26, 1996, the trial court granted the State's motion to have the appellate record supplemented to include the order granting reconsideration. While the trial court generally has the power to supplement the record on appeal, the trial court lost jurisdiction of this case when the State filed its notice of appeal. *King v. State*, 208 Ga. App. 623 (1) (432 SE2d 109) (1993). Without jurisdiction, the trial court was without power to grant the State's motion for reconsideration, and subsequent proceedings to supplement the record with that order are without effect. See id.; *Kidd v. Unger*, 207 Ga. App. 109 (3) (427 SE2d 82) (1993).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellant.

*Banks & Stubbs, Rafe Banks III*, for appellee.