A96A1719. WALSTON & ASSOCIATES, INC.
v. CITY OF ATLANTA.
(480 SE2d 917)

ANDREWS, Chief Judge.

Walston & Associates, Inc. performed insurance consulting services for the City of Atlanta pursuant to an oral agreement with two City officers. After the agreement was terminated, Walston & Associates sued the City to recover amounts allegedly remaining due for the services it performed. The suit alleges alternative causes of action based on breach of contract, quantum meruit, and inverse condemnation. The trial court granted summary judgment in favor of the City. Walston & Associates appeals claiming the trial court erred by granting summary judgment on the breach of contract and quantum meruit claims.

1. The trial court properly granted summary judgment in favor of the City on the breach of contract claim.

Walston & Associates performed the services pursuant to an oral agreement approved by two City officers who, under the provisions of the City charter and ordinances, had no authority to bind the City to the agreement. "Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred

power." OCGA § 45-6-5. " 'All persons dealing with a public officer must *at their peril* ascertain the extent of his authority.' . . . [Cits.] It is 'the duty of any person dealing with (a) municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers(,)' [cit.], a duty which includes determining that the public officer who executed a contract has the requisite authority. [Cits.] In this regard, parties are presumed to know the law, OCGA § 1-3-6, which includes not only statutes like OCGA § 45-6-5 but also the provisions of municipal ordinances. [Cit.]" (Emphasis in original.) *City of Atlanta v. Black*, 265 Ga. 425, 426 (457 SE2d 551) (1995); *Cole v. City of Atlanta*, 195 Ga. App. 67, 68 (392 SE2d 283) (1990); *City of Atlanta v. Bull*, 161 Ga. App. 648 (288 SE2d 335) (1982). Since this case does not involve an irregular or unauthorized method of exercising a granted power, but rather action taken by City officials who had no authority to do so, the unauthorized nature of the contract precludes Walston & Associates from asserting estoppel against the City. *City of Warner Robins v. Rushing*, 259 Ga. 348 (381 SE2d 38) (1989); *Corey Outdoor Advertising v. Bd. of Zoning &c. of Atlanta*, 254 Ga. 221, 223-224 (327 SE2d 178) (1985); *Cole*, supra; *Bull*, supra; compare *City of Summerville v. Ga. Power Co.*, 205 Ga. 843 (55 SE2d 540) (1949). In the absence of a binding contract, Walston & Associates had no basis for asserting a breach of contract claim.

2. The trial court erred, however, in granting summary judgment in favor of the City on the quantum meruit claim.

Pursuant to the oral agreement, Walston & Associates reviewed the City's workers' compensation files to identify employees' claims where it might be appropriate for the City to seek reimbursement from the subsequent injury trust fund (SITF) (OCGA § 34-9-350 et seq.). After reviewing the files and identifying potential claims, Walston & Associates processed the claims by filing notices of claims, conducting investigations into the merits of the claims, and preparing and submitting appropriate claims to the SITF for reimbursement. Upon approval by the SITF and payment of reimbursement to the City, Walston & Associates received a percentage of the payment made to the City on each successful claim as compensation for its services.

Walston & Associates was paid a percentage of all reimbursement amounts paid to the City from the SITF through the date the oral agreement was terminated. At the time the agreement was terminated, Walston & Associates had reviewed and identified some claims as having potential for SITF reimbursement and had fully or partially processed other claims, but no reimbursement payment had yet been made to the City from the SITF on such claims. After the agreement was terminated, another insurance consulting firm began

working on and submitting SITF claims for the City. Thereafter, the City continued to receive reimbursement payments from the SITF on claims on which Walston & Associates had performed all or some of the work necessary to identify, process, and submit the claims. However, the City refused to pay Walston & Associates any further sums as compensation from the reimbursement payments it received on these claims after the date the agreement was terminated.

The record clearly shows that the City accepted the services performed by Walston & Associates on SITF claims and that the services benefited the City to the extent they may have contributed to the City's receipt of reimbursement payments on those claims. "Where, as here, an 'agreement' exists to perform lawful services for a municipality but it is not otherwise enforceable as a valid express contract, a recovery in quantum meruit is authorized to the extent of the value of the benefit that the municipality receives." *City of St. Marys v. Stottler Stagg & Assoc.*, 163 Ga. App. 45, 46 (292 SE2d 868) (1982); *City of Dallas v. White*, 182 Ga. App. 782, 783 (357 SE2d 125) (1987). The fact that Walston & Associates may have performed only part of the work on some claims which were completed by others and paid to the City after Walston & Associates ceased working on the claims does not preclude a quantum meruit action for the reasonable value to the City, if any, of the services provided. *Sharp-Boylston Co. v. Lundeen*, 145 Ga. App. 672, 673-675 (244 SE2d 622) (1978).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 4, 1997.

*William F. Mitchell*, for appellant.
*Lemuel H. Ward, Jerolyn W. Ferrari, Clifford E. Hardwick IV*, for appellee.