## A97A1226. CHEROKEE COUNTY v. HAUSE et al.
(494 SE2d 234)

BEASLEY, Judge.

Plaintiffs Sam S. Hause and Bob D. Hause, doing business as Hause Brothers, filed a verified complaint on account against Cherokee County, demanding to be paid "for services rendered to the Cherokee County Sheriff's Department for towing and storage services." The judgment of the trial court is affirmed because it did not err in granting judgment in favor of the Hause brothers for vehicle storage fees at the rate of $10 per day for one year.

1. First, some preliminary matters with respect to the particulars of the case and the procedure followed to this point.

The order appealed from denied the defendant county's motion to dismiss and granted the plaintiff Hause brothers' motion for summary judgment but limited the recovery of storage fees to one year's worth due to the restriction contained in OCGA § 36-11-1 and did not award towing fees, as they pre-dated the year period.[1] A direct appeal was taken by the county, which is the correct procedure whether the order is a final or a partial judgment. OCGA § 9-11-56 (h). Plaintiffs did not file a cross-appeal from the rulings adverse to them. See *Southeast Ceramics v. Klem*, 246 Ga. 294, 295-296 (1) (271 SE2d 199) (1980); *Seaboard Coast Line R. v. Mobil Chem. Co.*, 172 Ga. App. 543, 544 (1) (323 SE2d 849) (1984).

After the notice of appeal was filed, the court ruled on defendant's "motion for reconsideration" and plaintiffs' "motion for clarification" of the appealed order. In ruling on these motions, the court expressly granted only partial summary judgment, having concluded that certain matters required an evidentiary determination, and it denied summary judgment as to them. This order is not on appeal and is void, as the court lost jurisdiction of the case when the notice of appeal was filed a week earlier. *State v. Ganong*, 221 Ga. App. 250, 251 (470 SE2d 794) (1996); see *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991) (damages ruling subsequent to notice

---

[1] Compare *Sammons v. Glascock County*, 161 Ga. 893, 894 (3) (131 SE 181) (1925), which held the predecessor to what is now OCGA § 36-11-1 did not apply to obligations imposed by law rather than by contract. Because the amount of the obligation varies based on how often the county utilizes the services of a wrecker service, the statute does apply. See *Baggett v. Barrow*, 166 Ga. 700, 701 (2) (144 SE 251) (1928).

of appeal cannot be considered on appeal). Because the order is void, the county's amendment to its notice of appeal to include this order is of no effect.

Thus, the only issue on appeal, subsumed in the three enumerations of error, is whether the plaintiffs have a valid claim against the county.

2. The undisputed facts which led to the lawsuit began on January 4, 1992, when a deputy sheriff at the direction of the sheriff informed the plaintiffs that a search warrant was about to be executed so that their towing and storage services were needed by the county for the items to be seized. Plaintiffs operated an approved wrecker service pursuant to Cherokee County Code § 3-25-20 et seq. (enacted by County Ordinance 91-74). They provided the service requested, transporting some 23 items including vehicles, trailers, and a boat to their lot as required by Section 3-25-30. Some of the items were returned to insurance companies and true owners, who paid the fees. Others were returned, pursuant to court order, to the person whose premises were searched, after he pleaded guilty to certain offenses. The county paid the towing and storage fees for these vehicles.

At that time the plaintiffs submitted to the county an invoice for the rest of the items still remaining on their lot. Because it was substantial, the chief deputy was dispatched to seek an adjustment, and plaintiffs agreed to submit instead an invoice for one-half of the statutory fee. In response they were informed that the county budget could not accommodate the bill, and it was not paid, unlike all the others submitted and paid during the course of 35 years during which plaintiffs provided 24-hour wrecker service to Cherokee County. After their demand letter was ignored, they filed this suit.

The complaint is based on the obligation created by the ordinance for the services requested and performed, Number 91-14 (Cherokee County Code § 3-25-20 et seq.). Plaintiffs did not seek recovery on a theory of quantum meruit as an alternative, as well they could not, for quantum meruit "is not available when a county is the defendant." *PMS Constr. Co. v. DeKalb County*, 243 Ga. 870, 872 (2) (257 SE2d 285) (1979). Compare *Walston & Assoc. v. City of Atlanta*, 224 Ga. App. 482, 483 (2) (480 SE2d 917) (1997) (quantum meruit is available against a municipality). Restitution is available as a remedy against a county, *PMS Constr. Co.*, 243 Ga. at 872, but plaintiffs did not seek that here. They sought to recover on a commercial account, with interest pursuant to OCGA § 7-4-16.

OCGA § 36-10-1 requires that "[a]ll contracts entered into by the county governing authority with other persons in behalf of the county shall be in writing and entered on its minutes."

The purpose and reach of this law is stated in *Graham v.*

*Beacham*, 189 Ga. 304, 305-306 (5 SE2d 775) (1939): "This law is designed to keep the public's business open to inspection. The legislature, in the exercise of an indisputable right, has provided that there can be no enforceable contract with such county officers unless it be in writing and recorded on the minutes of such officers. In the light of this law, no one can seriously contend that the plaintiff has entered into a legal contract with the county officers and is entitled to the benefits of such alleged contract, unless there has been a full compliance with the requirement of the Code. Any negotiations or oral agreements, or even written agreements that have not been entered on the minutes, fall short of being valid contracts conferring any right upon such party, and will not constitute a basis for an action against the county. These essential requirements of a valid contract with the county cannot be waived. The mandate of this law is absolute and applicable to each and every contract made and executed on behalf of the county; and to be valid and enforceable every contract must conform to these essential requirements."

There is in the record no contract in writing between the county and the Hause brothers entered on the minutes of the county commission. In fact, there appears to be no contract in writing at all. Without both, a contract is unenforceable. *Floyd v. Thomas*, 211 Ga. 656 (87 SE2d 846) (1955), illustrates this. So do *Hatcher v. Hancock County Commrs. &c.*, 239 Ga. 229 (236 SE2d 577) (1977), and *Merk v. DeKalb County*, 226 Ga. App. 191, 192 (486 SE2d 66) (1997) (Merk's "sole cause of action [was] breach of contract" although it "actually sounds in tort"). Although a contract may consist of multiple documents, see *B&C Tire &c. v. Cooper Tire &c.*, 212 Ga. App. 228, 229 (1) (441 SE2d 468) (1994), and *Bd. of Regents &c. v. Tyson*, 261 Ga. 368, 369 (404 SE2d 557) (1991), the combination of (i) the ordinance, (ii) the Hause brothers' approved application as a wrecker service, and (iii) their inclusion on the "approved list" maintained in the sheriff's office would not fit the statute because, even if these jointly constituted a contract, the parts were not all entered on the minutes. And procedurally, the approved application and the approved list are not in the record and so are missing ingredients for summary judgment.

But plaintiffs base their claim on the ordinance itself, which was passed pursuant to OCGA § 36-60-4. The ordinance provides in Section 3-25-30 that "[w]hen specifically directed to do so by the Sheriff's Office, the wrecker service shall hold vehicles for evidence, confiscation or any other purpose permitted by law" and, upon proper authorization of the Sheriff's Office, shall release any vehicle. The ordinance also sets the rate schedule for the fees which the approved wrecker service is entitled to when it performs a task described in the ordinance. Varying amounts are set for towing, and the daily

storage charge beginning after the third day the vehicle is stored is $10.

Thus, the action is based not "on contract" but on a "right to [fees] as fixed by or in pursuance of law." *Graham v. Beacham*, supra, 189 Ga. at 306, made this distinction and cited three illustrative cases. In all three, the county was obligated to pay for services set forth by law. See *Culberson v. Watkins*, 156 Ga. 185 (1) (119 SE 319) (1923) (salary recoverable from county because fixed by law); *Sammons v. Glascock County*, supra (salary of county commissioner of roads and revenues is provided by law rather than contract); *Walker v. Stephens*, 175 Ga. 405 (1) (a) (165 SE 99) (1932) (appointment of county attorney and his right to salary rest on law, not on contract).

The same is the case here. Regarding this particular assignment involving the removal and safe storage of items seized from the criminal defendant's premises, the sheriff and the plaintiffs were doing what the county commissioners required them to do by the express terms of the law adopted by the county commission to effectuate the services the county needed to carry out its law enforcement duties in the exercise of its police power. Had the Hause brothers refused the assignment and not performed the services required by the sheriff, they would have been in violation of Section 3-25-30 of the ordinance. The plaintiffs, who provided that wrecker service, are entitled to be paid the fees expressly provided by that same ordinance.

If the county is not obligated by the ordinance to pay for the services required by it, then neither are those private persons who seek return of their property after law enforcement officers seize it and assign physical custody of it to the wrecker services. And if the county is not obligated to pay for the services which were rendered on this occasion, then its payments over 35 years have been illegal, an outcome the county does not even suggest. *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200, 202-203 (230 SE2d 351) (1976), discusses the distinction between an unenforceable contract and an illegal one. See *Overlin v. Boyd*, 598 F2d 423, 424, n. 1 (5th Cir. 1979). If the plaintiffs' right of recovery had been based on contract, then its absence from the minutes (which is undisputed) and its nonexistence in writing (should that be the case) would render past payment of the county-established fees possibly illegal. Compare *Floyd v. Thomas*, supra, 211 Ga. at 656 (contract with county not in writing and not on minutes is illegal) with *City of Atlanta v. North by Northwest &c.*, 262 Ga. 531, 539-540 (7) (c) (422 SE2d 651) (1992) (procedural irregularities do not render county contract ultra vires). But the claim is founded on a right to payment expressly created by county ordinance.

The order of the trial court is affirmed.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Smith and*

*Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent. In my view, however much we sympathize with the plaintiffs, we are not authorized to affirm the judgment enforcing against the defendant County a claim based on a contract which is not spread upon the minutes of the County's proceedings.

Plaintiffs Sam S. Hause and Bob D. Hause, doing business as Hause Brothers, brought this verified "COMPLAINT ON ACCOUNT" against defendant Cherokee County, Georgia ("the County"), demanding to be paid "for services rendered to the Cherokee County Sheriff's Department for towing and storage services. . . ." Certain "vehicles [were] in the possession of Plaintiff [sic] under the direction of the Sheriff's Department for the purpose of impound and storage with expenses accruing thereon daily." The complaint also alleged the County acted in bad faith in refusing to pay and demanded interest due on a commercial account under OCGA § 7-4-16. By amendment, plaintiffs alleged that the County still refused to pay, after plaintiffs agreed to a 50 percent reduction in the amount claimed as storage, despite a county ordinance authorizing a daily storage rate at $10 per day per item stored. Plaintiffs demanded $153,620 as the principal sum.

The County denied the material allegations, and subsequently moved to dismiss the action because the agreement was not in writing. Meanwhile, plaintiffs moved for summary judgment. After hearing both motions, the trial court ruled that the 12-month limitation period established at OCGA § 36-11-1 barred collection of any amounts accruing before February 3, 1994, but held the County liable despite the absence of a written agreement, reasoning that since the contract for services was completed by plaintiffs, the instant lawsuit "concerns not so much enforcement of a contract, but collection of an acknowledged debt. To hold otherwise would make it impossible for a county to obtain services without providing a written contract in advance." In a subsequent order, the trial court granted plaintiff judgment in the principal amount of $42,900.

In three related enumerations of error, the County contends the trial court erred in failing to dismiss the action in its entirety, arguing plaintiffs may not attempt to collect on an unwritten contract. The County also contends the trial court erred in ruling the Sheriff could contract on behalf of the County. Plaintiffs reply that the "CHEROKEE COUNTY WRECKER ORDINANCE, . . . CHAPTER 3-25, ARTICLE II, OF THE CODE OF CHEROKEE COUNTY," amounts to just such a writing, spread upon the minutes of the County Commission. I agree with the County in this case and would reverse the trial court's money judgment.

"All contracts entered into by the county governing authority with other persons in behalf of the county shall be in writing and entered on its minutes." OCGA § 36-10-1. "Oral contracts on behalf of a county have repeatedly been held to be void[.]" *City of Warrenton v. Johnson*, 235 Ga. 665, 666 (221 SE2d 249). "A mere oral agreement is unenforceable even though it be embodied or recited in a resolution adopted by the county commissioners and entered on the minutes." *Murray County v. Pickering*, 42 Ga. App. 739 (1) (157 SE 343).

The Cherokee County Wrecker ordinance defines an approved wrecker service as: "Any wrecker service which submits a successful application . . . and which otherwise [qualifies] for the privilege of engagement by the Sheriff's Office for the removal or storage of vehicles." Cherokee County Code, Section 3-25-21. "Whenever any vehicle is removed by a wrecker service at the direction of the Sheriff's Office, the police officer shall make a thorough inventory of all equipment, accessories, personal articles and other items either attached to or located within the vehicle. . . . Upon acceptance of the vehicle and prior to its removal, the agent or employee of the wrecker service . . . shall sign the inventory form." Cherokee County Code, Section 3-25-29 (a). "Whenever specifically directed to do so by the Sheriff's Office, the wrecker service shall hold vehicles for evidence, confiscation or any other purpose permitted by law." Cherokee County Code, Section 3-25-30. The County Code also prescribes detailed security requirements for impound lots and directs each approved wrecker service to submit "an inventory every two (2) weeks of all vehicles remaining in its possession and unclaimed by the owner." Cherokee County Code, Section 3-25-34 (d). The County Code also establishes a schedule of permitted fees and requires each approved wrecker service to "post in a conspicuous place on its premises a sign stating . . . : *Note:* The maximum fees which may be charged by wrecker services for removal and/or storage have been established by a county ordinance. You are entitled to a copy of the fee schedule upon request. Inquiries and complaints concerning any fees charged should be made to the Cherokee County Sheriff's Office." Cherokee County Code, Section 3-25-37 (c).

An approved wrecker service "shall confine its operations to the zone assigned to it. . . ." Cherokee County Code, Section 3-25-31. "Zone assignments shall be valid for four (4) year periods. . . ." Cherokee County Code, Section 3-25-39 (a).

In my view, this ordinance, by which the county commission agreed to enter into a series of requirement contracts with each approved wrecker service, is not itself a sufficient writing entered upon the minutes of the county commission. *Murray County v. Pickering*, 42 Ga. App. 739 (1), supra. Consequently, I would hold that the trial court erred in failing to dismiss this action to collect for towing

and storage services previously rendered on the ground there was no writing to comply with OCGA § 36-10-1. I express no opinion on the commission's authority to specify the County's requirements for law enforcement-related towing and storage services.

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED NOVEMBER 5, 1997 —
RECONSIDERATION DENIED DECEMBER 2, 1997 — 

*Robert M. Mahler*, for appellant.
*Ted B. Herbert, John R. Earl*, for appellees.