A00A1002. SMITH et al. v. MURRATH ENTERPRISES, INC.
(534 SE2d 125)

JOHNSON, Chief Judge.

In May 1981, Grady Smith and C. W. Smith purchased a portion of Woodhaven Downs subdivision. That parcel abutted an unpaved county road named Leggett Drive a/k/a Calvin Davis Circle (hereafter "Calvin Davis Circle").

In 1998, Murrath Enterprises, Inc. purchased a large parcel of land on the side of Calvin Davis Circle opposite the Smiths' parcel. Murrath Enterprises petitioned Gwinnett County to abandon Calvin Davis Circle, and the county commission approved the request for abandonment. The county commission then executed two quitclaim deeds: one to Murrath Enterprises for the portion of Calvin Davis Circle adjacent to its parcel and one to the Smiths for the portion of the road adjoining their parcel.

After receiving the quitclaim deed, Murrath Enterprises began clearing and grading its property. However, the Smiths attempted to stop the development by placing personal items on the portion of Calvin Davis Circle transferred to Murrath Enterprises. Murrath Enterprises sought a restraining order prohibiting the Smiths from trespassing and interfering with the development of its property. The

[20] See *Fly v. State,* 229 Ga. App. 374, 375 (1) (494 SE2d 95) (1997); *Durant v. State,* 222 Ga. App. 872, 873 (1) (476 SE2d 641) (1996).

trial court granted Murrath Enterprises a temporary restraining order and interlocutory injunction. The Smiths filed their answer and counterclaim, and Murrath Enterprises moved for summary judgment. The Smiths appeal from the trial court's grant of Murrath Enterprises' motion for summary judgment.

The Smiths argue that they are third-party beneficiaries to a contract between Gwinnett County and Murrath Enterprises. The Smiths complain that, in consideration for the county's abandoning Calvin Davis Circle, Murrath Enterprises agreed to provide the Smiths with an easement for access to Taylor School Drive, but that the easement provided by Murrath Enterprises is unuseable. However, the Smiths have not shown that the county entered into any contract requiring Murrath Enterprises to provide an easement to the Smiths.

OCGA § 36-10-1 provides that all contracts entered into by a county governing authority shall be in writing and entered on its minutes. No party is entitled to the benefits of an alleged contract with a county unless there has been a full compliance with the requirements of the Code.[1] According to the only minutes in the record, the Gwinnett County Commission voted, per staff recommendation, to abandon Calvin Davis Circle. There is no mention in the minutes about any easement to the Smiths. In addition, there is no written contract regarding any easement in the record. Thus, even if Murrath Enterprises agreed to provide an easement to the Smiths, there is no valid contract to which the Smiths are third-party beneficiaries. The trial court did not err in granting Murrath Enterprises' motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 19, 2000 —
RECONSIDERATION DENIED MAY 10, 2000 — 

*Harrison & Harrison, G. Hughel Harrison,* for appellants.
*Chandler & Britt, Luther H. Beck, Jr.,* for appellee.

---

[1] *Cherokee County v. Hause*, 229 Ga. App. 578, 580 (2) (494 SE2d 234) (1997).