A06A1432. GRIFFIN BROTHERS, INC. v. TOWN OF ALTO et al.
(633 SE2d 589)

BLACKBURN, Presiding Judge.

In a suit for damages arising from its unsuccessful bid on a pipeline project, Griffin Brothers, Inc. ("Griffin") appeals the grant of summary judgment to the Town of Alto (the "Town"), contending (1) that the trial court erred because the Town was required to accept Griffin's bid as it was the lowest, and (2) that the Town is estopped from denying that a contract existed between Griffin and the Town. For the reasons that follow, we disagree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

---

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that the Town planned to install a water pipeline and contacted Griffin, a contractor, to get an estimate on the cost. Griffin provided a "rough estimate," and a few months later a Town council member, Phil Lomax, responded to Griffin, asking for a more detailed written estimate after a site visit. After Griffin provided the written estimate, the mayor, Audrey Turner, telephoned Griffin and, due to rising material costs, asked Griffin to order the pipe necessary to do the job. After Griffin ordered the pipe, Turner telephoned Griffin and explained that the Town would be advertising the project in a formal bidding process, and that Griffin would need to submit a formal bid as part of that process.

Griffin and one other company, Higgins Construction Company ("Higgins"), submitted formal bids. The bids were discussed at a Town council meeting attended by Higgins but not Griffin. Consistent with the Town's solicitation for bids, Higgins's bid price included a longer run of pipe, and the Town council awarded the project to Higgins despite the fact that the Higgins bid ($89,989) was higher than the Griffin bid ($70,415).

After learning that the project was awarded to Higgins, Griffin filed a suit for damages and injunctive relief against the Town, Turner, and the Town council members. The defendants moved for summary judgment, contending that the Town was not obligated to accept the lowest bid, and that the Town could not be estopped from denying that a contract had been formed in light of the mayor's lack of authority to unilaterally bind the Town to a contract. The trial court granted the Town's motion, giving rise to this appeal.

1. Griffin contends that the trial court erred in granting the Town's motion for summary judgment because the Town was required to accept Griffin's bid where Griffin was the lower of the two bids submitted to the Town. We disagree.

OCGA § 36-91-21 (a) and (b) provide that certain public works construction contracts must be awarded pursuant to a competitive bidding process, and that the contract must be awarded to the lowest responsible and responsive bidder. However, OCGA § 36-91-22 (a) is clear that these requirements do not apply to projects that can be performed for less than $100,000.

Here, the highest bid was $89,989, so the requirements of OCGA § 36-91-21 do not apply. Moreover, although the winning bid was higher than Griffin's bid, the winning bid included a more extensive scope of work, including installing 1,100 more linear feet of pipe, which was consistent with the Town's request for bids and which

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

better met the Town's needs. Therefore, the Town, acting within the scope of its authority, merely exercised its discretion to award the contract to Griffin's competitor. Accordingly, we discern no error.

2. Griffin next contends that the Town, which argues that the mayor did not have authority to unilaterally bind the Town to a contract, is estopped from denying the purported contract. We disagree.

At the heart of Griffin's case is its reliance on the mayor's request to order the materials, which cost $15,729, so that Griffin could do the work for the Town. Griffin relied on this request as an indication that Griffin had been awarded the contract to do the work. However, by a resolution approved by the Town council, the mayor's authority to obligate the Town without consent of the Town council was limited to $2,000.

"Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." OCGA § 45-6-5. Therefore,

> [a]ll persons dealing with a public officer must *at their peril* ascertain the extent of [her] authority. It is the duty of any person dealing with a municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers[. This duty] includes determining that the public officer who executed a contract has the requisite authority.

(Citations and punctuation omitted.) *City of Atlanta v. Black.*[2]

Here, Griffin had a duty to ascertain the mayor's authority to bind the Town to purchase the material from Griffin, as the Town conducted the governmental function of expanding its water infrastructure. Because the mayor lacked authority to unilaterally bind the Town to a contract with Griffin, any contract asserted by Griffin was unauthorized. This "forecloses [Griffin] from asserting estoppel against the [Town]." *Cole v. City of Atlanta.*[3]

Without citing any Georgia law, Griffin also argues that the Town's prior course of conduct justified Griffin's reliance on the mayor's request. On some prior occasions, Griffin had performed work for the Town based on a formal bidding process approved by the governing body, and on other occasions Griffin performed work based

---

[2] *City of Atlanta v. Black*, 265 Ga. 425, 426 (457 SE2d 551) (1995).

[3] *Cole v. City of Atlanta*, 195 Ga. App. 67, 68 (2) (392 SE2d 283) (1990).

on informal instructions from a single town official. However, "[d]etrimental reliance . . . is not a factor where estoppel cannot be applied against the [Town] as a matter of law." *City of Warner Robins v. Rushing.*[4] The Town's prior course of conduct in dealing with Griffin, whether authorized by law or not, does not confer new authority on the mayor here. As a public officer, the mayor's authority is limited to that conferred by law. OCGA § 45-6-5. Accordingly, this enumeration is without merit.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 27, 2006.

*Sanders & Smith, Russell W. Smith*, for appellant.
*Terry E. Williams, Jason C. Waymire*, for appellees.

---

[4] *City of Warner Robins v. Rushing*, 259 Ga. 348, 348-349 (381 SE2d 38) (1989).
[1] OCGA § 16-6-4 (a).