A93A2167. B & C TIRE & BATTERY, INC. et al. v. COOPER
TIRE & RUBBER COMPANY.
(441 SE2d 468)

SMITH, Judge.

Cooper Tire & Rubber Company brought suit on a commercial account against B & C Tire & Battery, Inc., Bobby Franklin, and Lamonta Franklin. Cooper alleged that B & C owed $353,006.07 on the account and that the Franklins were personally liable for that amount under the terms of a guaranty agreement. All three defendants answered and admitted that B & C had defaulted under the terms of its commercial credit agreement with Cooper. However, all three denied that the amount owed was as stated in the complaint. The Franklins also alleged that the copy of the guaranty agreement attached to Cooper's complaint was incomplete and that the agreement also included a letter, a copy of which was attached to their answer. Cooper moved for summary judgment, which was denied. At the close of evidence at trial, the court directed a verdict against the Franklins in the amount of $200,000. The jury returned a verdict against B & C in the amount of $343,023.59, and judgment was entered accordingly.

The record reveals that in December of 1991, B & C, which owned three retail stores in South Georgia, had been dealing with its supplier, Cooper Tire, on a credit basis for approximately thirteen years. Its credit line had been $300,000 until 1987. In that year, B & C asked to increase its credit line to $500,000. Cooper agreed, provided the Franklins executed a personal guaranty for up to $200,000, which they did. The guaranty provides, in pertinent part, as follows: "We, the undersigned, do hereby jointly and severally . . . guarantee to you . . . : (1) the prompt and punctual payment by the purchaser of the purchase price of all goods, wares and merchandise which you have heretofore sold and hereafter sell to the purchaser, and (2) the due and punctual performance by purchaser of any and all contracts heretofore and hereafter entered into with you, both up to a combined maximum of two hundred thousand dollars ($200,000.00[)]."

When this guaranty agreement was executed, the Franklins prepared a memorandum of understanding. It was signed by James Brumley, the same representative of Cooper Tire who witnessed the guaranty agreement. The memorandum, typed by Mrs. Franklin, reads as follows: "Gentlemen: In reference to the personal guarantee from Bobby Y., and Lamonta Franklin to Cooper Tire Co., we are signing it with the following understanding that was relayed to us by

Mr. Kevin Donahu, and Jack Clay, of Cooper Tire from the Credit Dept. in Findlay Ohio. The agreement was that a $500,000+ credit line would be extended to B&C Tire & Battery Inc., Folkston, Georgia if we executed an [sic] personal guarantee for $200,000 for this corporation. In case of credit line reduction the line of personal guarantee shall be reduced by same amount. The above stipulations reflects [sic] the reasons behind the signing of a personal guarantee for B&C Tire & Battery Inc[.], Folkston, Ga., to Cooper Tire Co. from Bobby Y. and Lamonta Franklin. Acknowledgement of this is reflected by signatures of both Bobby Y. Franklin, and a Cooper Representative."

In this appeal, the sole enumeration of error is the Franklins' contention that the trial judge erred by granting a directed verdict against them based upon his determination that the memorandum was not a part of the guaranty agreement. The Franklins contend that the entire agreement between the parties consisted of both the guaranty agreement itself and the memorandum of understanding.

1. The Franklins first argue that they are personally liable only for corporate debt exceeding the corporation's previous $300,000 credit line, up to a maximum amount of $200,000. A $300,000 line of credit had been in place for years and had been extended to the corporation without the requirement of a personal guaranty. The Franklins argue that they understood their personal guaranty to be consideration only for the *expansion* of the corporation's credit line. They maintain they therefore are not liable for corporate credit extended under the old credit limit — all debt under $300,000 — to which the personal guaranty did not apply. Since a jury in this case found the corporation owed Cooper Tire $343,123.59, the Franklins contend they would be liable only for $43,123.59.

The appellants correctly assert that a written contract may consist of multiple documents. *Bd. of Regents v. Tyson*, 261 Ga. 368, 369 (1) (404 SE2d 557) (1991). It is also true that "[w]here instruments are executed at the same time in the course of the same transaction, they should be read and construed together. [Cit.]" *Hardin v. Great Northern Nekoosa*, 237 Ga. 594, 597 (229 SE2d 371) (1976). However, we cannot agree with appellants' contentions for two reasons.

First, we find nothing in the record to support appellants' argument that the trial court did *not* consider the memorandum. The trial court carefully considered the exact language of the guaranty agreement, found that it clearly set forth that the Franklins were personally liable for the corporation's account up to a maximum of $200,000, and found that the memorandum "does not, in my opinion, change the matter in any way."

Second, Cooper Tire points out that at the time they were deposed, appellants failed to assert their understanding that their per-

sonal liability was limited to amounts over $300,000. Even assuming that is true, we acknowledge that the Franklins' position may very well reflect their understanding of their personal liability at the time they signed the documents. The terms as understood by the Franklins may have constituted a reasonable agreement; nonetheless, we agree with the trial court that even when read together, the documents are unambiguous and clearly do not reflect the Franklins' understanding. On the contrary, the plain language of both documents indicates that the Franklins are liable for the debt of the corporation up to a maximum of $200,000. "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it. No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." (Citations and punctuation omitted.) *Paige v. Jurgensen*, 204 Ga. App. 524, 525 (419 SE2d 722) (1992). The trial court did not err in directing a verdict on that basis against the Franklins for $200,000.

2. Alternatively, the Franklins argue that since Cooper Tire reduced its credit to B & C Tire to zero, their personal liability was also reduced to zero under the terms of the memorandum portion of the agreement. They contend they therefore are not liable under the guaranty for any amount.

We agree with appellants that they would not be liable in any amount if the evidence established that Cooper Tire had reduced B & C's credit line to zero. However, the evidence does not support that contention.

Mr. Franklin's testimony on this issue was in conflict. He testified at one point that he never received notification that the corporation's credit line was being reduced. He also testified that he placed an order on January 27, 1992, and was told that the order was not accepted because his "credit was cut."

Paul Johnson, Cooper Tire's regional credit manager, testified that Cooper Tire never notified B & C that it had reduced its line of credit. B & C Tire was billed in December 1991 for $243,000. Under the terms of the credit agreement, the amount billed was due by January 20, 1992. Johnson testified that he did refuse to ship the order placed on January 27, 1992, not because the credit line had been reduced, but because B & C had already exceeded its line of credit by purchasing over $600,000 worth of tires for which no payment had been received. Of this amount, $243,000 was overdue. Although Bobby Franklin testified he paid the December invoice, he admitted that the check he remitted in payment of that invoice was returned by Cooper Tire because it was not signed. He further admitted that

the invoice has never been paid.

Viewing the evidence in its entirety, it is clear that the line of credit was not reduced. Indeed, it is because over $600,000 remained owing after the last shipment that this action arose.

A motion for directed verdict may be granted "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). In reviewing the grant of a directed verdict the evidence must be construed most favorably to the party opposing the motion. *Gantt v. Patient Comm. Sys.*, 200 Ga. App. 35, 36 (1) (406 SE2d 796) (1991). Even viewing the evidence in the light most favorable to the Franklins, the evidence introduced, with all reasonable deductions therefrom, demanded a verdict for Cooper Tire and against the Franklins for $200,000 on the guaranty.

3. Cooper Tire filed a motion for supersedeas bond after this appeal had been pending for several months. Because this opinion is being issued only a few days after receipt of that motion, it is hereby denied. Upon remittitur, however, the trial court may entertain a renewed motion for supersedeas bond should further appellate review be sought.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 14, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994 —

*Adams & Brooks, John B. Adams*, for appellants.
*Thomas & Settle, W. Vincent Settle III*, for appellee.