26 F.3d 854
 Minnie DONOVAN; Ronnie L. Brown; Consumer Benefit
Services, Inc.; and Michael L. Tomlin, Appellants,
v.
BANKERS FIDELITY LIFE INSURANCE COMPANY, a subsidiary of
Atlantic American Corporation; Atlantic American
Life Insurance Company, a subsidiary of
Atlantic American Corporation,
Appellees.
 No. 93-3940.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1994.
Decided June 15, 1994.
 
 Thomas A. Ludwig, Jackson, MO, argued, for appellants.
 Kenan G. Loomis, Atlanta, GA, argued, for appellees.
 Before LOKEN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Minnie Donovan, Ronnie L. Brown, Consumer Benefit Services, Inc., and Michael L. Tomlin (the agents) appeal from a judgment of the district court[1] granting summary judgment in favor of Bankers Fidelity Life Insurance Company and Atlantic American Life Insurance Company (the companies). We affirm.
 
 
 2
 Appellants, as general agents of the companies, sold medicare supplement insurance policies. Before January 1, 1988, their commissions were based on premium increases for the policies they sold. However, in a December 1987 bulletin, the companies notified the agents that as of January 1, 1988, the companies "will no longer pay commissions on rate increases that became effective on or after December 31, 1987. This change is for all accident and health policies."
 
 
 3
 In 1992, the agents filed this diversity suit, alleging a breach of contract under Georgia law. The contract provisions at issue are the following paragraphs:
 
 
 4
 14. Changes in Insurance. The Company shall, in its sole discretion, determine the adjustments, if any, to be made in Compensation resulting from a change in plan, amount, amount or premium of insurance, other than by term conversion.
 
 
 5
 21. Amendment. Compensation shall be determined by the current Compensation Schedule. The Company may at any time, upon written notice, change the rates of Compensation. Such change will be effective with respect to applications received in the Home Office of the Company on and after the date fixed in the notice, except as specifically provided. (Emphasis added.)
 
 
 6
 Both the agents and the companies moved for summary judgment. The agents conceded that the companies could change commission rates for policies sold on or after January 1, 1988, but argued that paragraph 21 prohibited the companies from changing commission rates for policies sold before that date. The companies argued that the "except as specifically provided" language in paragraph 21 plainly and unambiguously permitted the companies to change commissions rates on notice and that the bulletin was notice that the companies were changing rates for "all" policies, including policies sold before January 1, 1988. The district court granted the companies' motion for summary judgment. The court held that the contract language was plain and unambiguous and that the companies' interpretation was "the only plausible reading of the disputed phrase."
 
 
 7
 The district court did not err in granting summary judgment. Under Georgia law, "[n]o construction [of a contract] is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only reasonable interpretation." B & C Tire & Battery, Inc. v. Cooper Tire & Rubber Co., 212 Ga.App. 228, 441 S.E.2d 468, 470 (1994) (internal quotation omitted). Even if we agreed with the agents, which we do not, that "except as specifically provided" was ambiguous, they would not prevail. "Georgia law requires us to give meaning to every term rather than construe any term as meaningless, and to construe a contract so as to uphold the contract as a whole and in every part...." Harris County v. Penton, 211 Ga.App. 498, 439 S.E.2d 729, 730 (1993) (internal quotation omitted). Here, the agents argue that "except as specifically provided" could not refer to the bulletin, but had to refer to another contractual provision. They, however, can point to no provision that gives the phrase any meaning, and so conceded at oral argument.[2]
 
 
 8
 Accordingly, we affirm the judgment of the district court granting summary judgment in favor of the insurance companies.[3]
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We note that a general agent in Texas also brought a breach-of-contract suit against the companies, asserting paragraph 21 prohibited the companies from changing commissions on policies sold before January 1, 1988. In that suit the court rejected plaintiff's argument and granted the companies' motion for summary judgment. Sulak v. Atlantic Am. Corp., 848 F.Supp. 1303, 1304-05 (N.D.Tex.1994), appeal docketed, No. 94-10154 (5th Cir. Mar. 11, 1994)
 
 
 [3]
 Because of our disposition, we do not address other arguments the agents and companies raise on appeal