## A95A0612. TYSON v. CHEEK MECHANICAL & ELECTRICAL SERVICE, INC.
### (460 SE2d 536)

BIRDSONG, Presiding Judge.

Appellant Clelland Tyson d/b/a Misty Mills, Inc. ("Tyson"), appeals a jury verdict and judgment in favor of Cheek Mechanical & Electrical Service, Inc. ("Cheek"). Cheek filed a suit on account against Tyson, contending Tyson owed $18,150.55 for services rendered in the installation of a chicken litter processor designed by Tyson. Tyson did not provide Cheek with engineering plans to install the equipment. The system did not work to Tyson's expectation, and Tyson hired another contractor.

In answer to Cheek's suit, Tyson asserted accord and satisfaction, failure of consideration, and breach of warranty of services. Tyson also counterclaimed, contending that "[Cheek's] design was flawed and the machinery did not work at all" and that the parties discussed the failure of the machinery and agreed that no further costs would be due until the machine worked properly, which it never did. Defendant Tyson sought from Cheek the cost of the second contractor's work and completion costs. A jury returned a verdict in favor of Cheek for $4,500. Cheek filed a motion for new trial on general grounds. The motion for new trial was granted.

A second jury trial was held. After the close of evidence, Cheek moved for a directed verdict, contending that inasmuch as the prior jury returned a verdict in favor of only Cheek and only Cheek sought a new trial from that prior jury verdict, the grant of new trial did not apply to Tyson's counterclaims, and those counterclaims should be dismissed. The trial court granted Cheek's motion and dismissed Tyson's counterclaims. The jury returned a verdict in favor of Cheek in the full amount sued for, $18,150.55.

On appeal, Tyson contends the trial court committed legal error by directing a verdict on Tyson's counterclaim inasmuch as Tyson contends the grant of new trial to Cheek was a de novo retrial as to all parties. *Held*:

The sole question placed before us by this appeal is a question of law, viz. whether after granting a new trial to the plaintiff, the trial court was prohibited or without authority to dismiss the defendant's counterclaims. Tyson contends that under OCGA § 5-5-48, when a new trial is granted, the new trial is placed on the docket "as though no trial had been had" and the trial court had no authority to dismiss its counterclaims. See, cited as general authority, *Rawdin v. Conner*, 211 Ga. 52 (84 SE2d 50); *Bourquin v. Bourquin*, 110 Ga. 440 (6) (35 SE 710); *Anderson v. Clark*, 70 Ga. 362 (2); *Glisson v. Bankers Health &c. Ins. Co.*, 64 Ga. App. 300 (13 SE2d 84). Cheek argues that Tyson has suffered no actual harm.

However, even assuming the correctness of the authorities cited by Tyson, it is clear that if the new trial stands on the same footing as the prior trial and all the issues are tried anew, the trial court was authorized to grant a directed verdict at the close of the evidence at either trial "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). The trial court did not explain why it granted Cheek's motion for directed verdict, and we shall not assume it did so for an erroneous reason. Beyond general allegations that the equipment Cheek fabricated and installed — which Tyson does not deny was designed by Tyson — failed to work, that no solution suggested by Cheek worked, that another contractor had to be hired, and that Cheek agreed no further charges would be made until the system worked, Tyson does not cite any particular evidence of record (see Court of Appeals Rule 27) which would indicate the trial court erred in concluding that all the evidence and all reasonable deductions demanded a verdict for Cheek. See *B&C Tire &c. v. Cooper &c. Co.*, 212 Ga. App. 228, 231 (441 SE2d 468).

We note that we find no logic or merit in Cheek's argument that Tyson "was not harmed by the [trial court's] treating [Tyson's counterclaim] as a set-off rather than charging the jury that the [counterclaim] could be considered [as] a set-off." It cannot be assumed or inferred that the trial court treated Tyson's counterclaim as a "set-off." If the dismissal of the counterclaims had been improper under the standards for granting a directed verdict, it would have been error, for Tyson would have been entitled to have the jury address those claims. But as we find no reason to conclude the trial court erred on the evidence, the dismissal was not improper; Tyson was not improperly deprived by the trial court of its right to argue its counterclaims, for it had no such right if the counterclaims were properly dismissed. Moreover, it does not appear Tyson was prohibited from arguing or considering any material issue in defense of Cheek's suit on account.

The trial court having committed no legal error, and no error on the evidence being cited to us, the judgment below must be affirmed.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JULY 6, 1995 —
RECONSIDERATION DENIED JULY 26, 1995.

*Charles D. Strickland*, for appellant.
*Rodger E. Davison*, for appellee.