23491. SHARPE, Mayor, et al. v. RIVES.

ARGUED MAY 10, 1966—DECIDED MAY 26, 1966.

*Zorn & Royal, J. Kenneth Royal,* for appellants.
*J. Alvin Leaphart, Jr., Gibbs & Leaphart,* for appellee.

GRICE, Justice. A petition seeking equitable relief from an order to abate an alleged nuisance is here for evaluation. The petition was filed in the Superior Court of Wayne County by

Agnes Rives, against the Mayor of the City of Screven, members of the city council, and other officials of that municipality. Upon the overruling of their general demurrer to the petition, the defendants appealed to this court.

The petition, insofar as material and necessary here, made the allegations which follow.

The petitioner owns and is in possession of a described tract of land in that city. She resides thereon in a house trailer and also parks an automobile there. Upon a named date she was served with a notice from the city to show cause why the mayor and council should not determine that she was maintaining a nuisance on this property by obstructing a described street. Pursuant to the notice petitioner appeared, and thereupon the mayor and council issued an order reciting notice, hearing, and a determination that she was maintaining a nuisance by obstructing such street. The order directed that the city marshal enter upon the premises to abate the nuisance.

Neither the petitioner nor her predecessors in title have ever conveyed to the city any easement or title to this property; the city does not have any right, title or interest therein; it has not been dedicated to the public; the alleged street exists only in the plan of the city, has not been actually opened, worked by its authorities or used by the general public; and the property has been in private occupation for thirty or forty years.

It is the purpose of the defendants to remove the petitioner's trailer and confiscate a portion of her land in laying out a street which has not previously been opened, used, dedicated to the public, or conveyed to the city; and the defendants are without authority to summarily condemn her land or open the proposed street through it. If the marshal and his deputies are not enjoined from enforcing the city's order the petitioner will be evicted from her property and will suffer irreparable damage. Also, unless the city authorities are enjoined from interfering with her possession of her property and from harassing her, she will be forced to leave the premises to protect her health, thereby causing her irreparable damage. She does not have an adequate remedy at law.

Prayers for relief, among others, were that the marshal and

his deputies be enjoined from enforcing the order and that the city authorities be enjoined from interfering with her possession of her property and from·harassing or contacting her in any manner whatsoever.

This petition, as we view it, alleges a cause of action.

For purposes of determining their sufficiency against general demurrer, the allegations of a petition must be taken as true. Accordingly, we must regard as true paragraph 7, which alleges that "Neither the petitioner nor her predecessors in title ·have ever conveyed to the city . . . any easement or title to said property, and the city . . . does not have any right, title or interest therein, and neither has this property been dedicated to the public." Likewise, we must accept as true paragraph 8, which alleges "That the alleged street or alley exists only in the plan of the city . . . and has not been actually opened, worked by the municipal authorities and used by the general public, but, on the contrary, has been in private occupation for thirty or forty years."

From these allegations we must conclude that the city's order requiring petitioner to abate the so-called nuisance was a nullity. We, therefore, reject the defendants' contention that their general demurrer was erroneously overruled because the petitioner had an adequate remedy at law by certiorari from the order of the city.

In *Bryans v. Almand*, 87 Ga. 564 (13 SE 554), this court held: "While the municipal authorities of a city or town may, on the complaint of a citizen, cause an obstruction to be removed from any public street in actual use by the public, yet where a street exists only in the plan of such city or town, and has not been actually opened, worked by the municipal authorities and used by the public, but on the contrary, has been in private occupation for thirty or forty years, *this mode of procedure is not available*." (Emphasis ours.)

In *Robins v. McGehee*, 127 Ga. 431 (56 SE 461) (one Justice absent), this court quoted and followed the foregoing ruling from the *Bryans* case, 87 Ga. 564, supra. It observed that "The ·rationale of the principle that an obstruction in a street may be summarily abated is upon the theory that the obstruction of a public street is a nuisance. It is not until a street has been defined

by survey and laid out and opened by work that it becomes a street. There must be a street to be obstructed before the structure alleged to be an obstruction amounts to a nuisance." P. 436. There, as in the present case, the property owner filed an equitable petition against the city authorities to restrain them from removing what was claimed to be an obstruction of a street. The evidence showed that while the street appeared on the plan of the town, "that part of the street alleged to have been obstructed had never been opened." This court reversed the denial of the injunction.

In view of these holdings, and the allegations referred to above, the abatement proceeding was not a procedure available to the city, and therefore its order therein was void and of no effect. It is well established that certiorari will not lie to set aside a void, as distinguished from an erroneous, judgment. *Levadas v. Beach,* 117 Ga. 178 (2) (43 SE 418). Therefore, the petitioner did not have an adequate remedy at law by certiorari from the order of the city.

The trial court properly overruled the general demurrer.

*Judgment affirmed. All the Justices concur.*