29852. RICHMOND COUNTY v. JACKSON et al.

HILL, Justice.

The Board of Commissioners of Richmond County discharged the chief tax appraiser, D. Scott Jackson, paying him the balance due under a two-year appointment, but he persisted in occupying his office and performing his duties.

Suit to enjoin Mr. Jackson was filed by Richmond County. He answered and counterclaimed for injunction,

contending that the board of commissioners lacked authority to discharge him because his position made him an employee of the county board of tax assessors. The members of the board of tax assessors were allowed to intervene on behalf of the defendant, over plaintiff's objection.

The trial court temporarily enjoined the county from interfering with the chief tax appraiser in performance of his duties and the county appealed, enumerating as error the allowance of the intervention, the grant of the injunction against it, and the denial of its prayer for injunction. We momentarily pass the intervention question because the answer to it becomes clear after the merits are considered.

1. The chief tax appraiser was selected in 1973 pursuant to the Richmond County Tax Assessors Act, Ga. L. 1973, pp. 2812, 2813-2814, which provides that "The Chief Tax Appraiser shall be hired by the Board [of Tax Assessors], subject to the approval of the governing authority [Board of Commissioners of Richmond County], for a two-year term."

In 1974 the General Assembly amended the 1973 Richmond County Tax Assessors Act by striking the foregoing provision and providing as follows (Ga. L. 1974, pp. 3069, 3071): "The Chief Tax Appraiser shall be hired by the Board, subject to the approval of the county governing authority." This Act was approved by the governor on March 22, 1974. By its stated terms, this Act was effective March 1, 1974.

On March 21, 1974, the governor approved an Act amending the Richmond County merit system, which amendment states that all employees of Richmond County may be placed under the merit system except named employees of the board of commissioners, including the county tax appraiser among those named. Ga. L. 1974, pp. 2332, 2333. The county contends that this amendment shows that the chief tax appraiser is an employee of the board of commissioners and thus is subject to be discharged by it.

The Richmond County Merit System Act, as amended, Ga. L. 1974, p. 2332, does not give the county the express power to discharge the officials therein

declared to be employees of the board of commissioners. Moreover, the 1974 merit system amendment must be construed in harmony, if possible, with the 1973 and 1974 tax assessor Acts. "Repeals by implication are not favored, and never occur except where the later act is clearly and indubitably contradictory and contrary to the former act, and the repugnance is such that the two can not be reconciled." *Morris v. City Council of Augusta,* 201 Ga. 666, 672 (40 SE2d 710).

The 1974 merit system amendment is not clearly contradictory to the 1973 and 1974 tax assessors Acts (Ga. L. 1973, p. 2812, as amended by Ga. L. 1974, p. 3069) (the two are identical for the purpose of this question) and they provide the basis for our decision. Those Acts both provide that the chief tax appraiser shall be hired by the board of tax assessors subject to approval of the Board of Commissioners of Richmond County.

The power to hire carries with it the implied power to fire (subject to express provisions limiting the power to fire; e.g., "for cause," etc.). *Lentz v. City Council of Augusta,* 48 Ga. App. 555 (1) (173 SE 406); *Barnes v. Mendonsa,* 110 Ga. App. 464 (2) (138 SE2d 914). The board of tax assessors has the power to hire, and hence to fire, the chief tax appraiser, subject to such rights, if any, as he may have by virtue of his two-year appointment under the 1973 Act.

Since the power to hire and fire the chief tax appraiser is in the board of tax assessors, such right does not exist in the board of commissioners. The commissioners' power of approval of the chief tax appraiser hired by the board of tax assessors does not carry with it the power to fire the chief tax appraiser. (A senate does not, by virtue of its power of confirmation, acquire the power to discharge officials appointed by the chief executive and confirmed by the senate. It does have the power to impeach, but that power is expressly provided.) The power of approving a person appointed by another does not include the power to discharge that appointee.[1]

---

[1]It should be noted that the chief tax appraiser was

Thus, the Board of Commissioners of Richmond County lacked the power to discharge the chief tax appraiser. Their power over "county finances" granted the judge of the city court by Ga. L. 1883, pp. 528, 529, and acquired by the board of commissioners by Ga. L. 1907, pp. 324, 326, does not give them that power. Other contentions that the county commissioners have the power to fire the chief tax appraiser have been considered and found to be without merit.[2]

The trial court did not err in granting the injunction against the county or in denying the injunction sought by the county.

2. Having determined that it is the board of tax assessors who have the power to hire and fire the chief tax appraiser of Richmond County, it follows that the trial court did not abuse its discretion by allowing the members of the board of tax assessors to intervene in this litigation to assert their rights under the Acts discussed above. Code Ann. § 81A-124 (b).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED JULY 2, 1975.

*Burnside, Dye & Miller, A. Montague Miller,*

---

originally appointed to, and that appointment necessarily was approved by the county commissioners for, a two year term. The 1974 Act, Ga. L. 1974, p. 3069, which contains no two-year provision, would not authorize the chief tax appraiser to continue in office beyond his two year term without reappointment by the board of tax assessors and the approval of the board of commissioners due to the fact that his initial appointment (and the approval thereof) was for two years.

[2]Citing Code § 23-1502, appellants contend that the plaintiff, "Richmond County," cannot be sued in this action. Without deciding this issue, we note that if the county had immunity in this case then the members of the board of commissioners would be subject to suit and that under the Civil Practice Act parties may be joined.

*Thomas R. Burnside, Jr., Robert C. Daniel, Jr.,* for appellant.

*Roy V. Harris, Stanley G. Jackson,* for appellees.