A92A0199. BREWER v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(419 SE2d 60)

CARLEY, Presiding Judge.

Appellant-plaintiff is a former at-will employee of appellee-defendant. After the termination of his employment, appellant brought suit, alleging that the "failure of [appellee] to follow its own rules and procedures violated [his] rights" and that "the acts of [appellee] in disciplining and discharging [him] damaged [his] reputation . . . in the community in which he worked and also the community in which he lived." Appellee answered, denying the material allegations of the complaint and, after discovery, it moved for summary judgment. The trial court granted appellee's motion and appellant appeals.

1. Since appellant was an at-will employee, he clearly has no claim for wrongful discharge. " 'Where a plaintiff's employment is terminable at will, the employer "with or without cause and regardless of its motives, may discharge the employee without liability. (Cits.)" ' [Cit.]" *Hall v. Answering Svc.,* 161 Ga. App. 874, 875 (2) (289 SE2d 533) (1982). "The fact that [appellant] had notice of certain [of appellee's] policies and procedures regarding discipline and termination of employees which [he] alleges were not followed in [his] discharge would not give rise to an action for wrongful termination." *Garmon v. Health Group of Atlanta,* 183 Ga. App. 587, 589 (1) (359 SE2d 450) (1987).

2. It is of no legal consequence that appellee's *acts* of disciplining and discharging appellant may have damaged his reputation. The mere *acts* of disciplining and discharging an at-will employee are not, as a matter of law, actionable. *Garmon v. Health Group of Atlanta,* supra; *Hall v. Answering Svc.,* supra. Damage to appellant's reputation would be actionable only if it was the result of appellee's non-privileged publication of *false words* regarding its disciplining of him or the termination of his employment. "Under Georgia law, before liability is imposed there must be publication of . . . defamatory infor-

mation . . . other than [to] those who are privileged to communicate or receive the information. [Cit.]" *Monahan v. Sims,* 163 Ga. App. 354, 358 (1) (294 SE2d 548) (1982). It follows that the trial court's order granting summary judgment on the ground that appellant had "neither alleged nor shown any [actionable] defamation" was correct.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 30, 1992 —
RECONSIDERATION DENIED MAY 14, 1992.

*Antonio L. Thomas & Associates, Antonio L. Thomas,* for appellant.

*Melinda K. Wells, Samuel Jakes, Jr.,* for appellee.