A92A0029. ITT RAYONIER, INC. et al. v. McLANEY.
(420 SE2d 610)

CARLEY, Presiding Judge.
Alleging multiple claims, appellee-plaintiff filed suit against his former employer, appellant-defendant ITT Rayonier, Inc. (ITT), and his former supervisor, appellant-defendant W. F. Simpson. The case was tried before a jury and a verdict against ITT and Simpson was

returned on appellee's claim for the intentional infliction of emotional distress and a verdict against Simpson was returned on appellee's claim for slander. After the trial court entered judgments on the jury's verdicts, ITT and Simpson filed motions for judgment notwithstanding the verdicts. These motions were denied and ITT and Simpson appeal.

1. The denial of the motions for judgment n.o.v. as to appellee's claim for the intentional infliction of emotional distress is enumerated as error.

The evidence would authorize a finding that, in his supervisory capacity, Simpson was highly critical of appellee's job performance. Although there is also evidence that Simpson employed crude and obscene language, he did so only in connection with his criticism of appellee's job performance and not for any non-employment-related purposes. Compare *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 167 (1) (381 SE2d 303) (1989) (sexual harassment in the workplace). There is no evidence that Simpson made any threats, other than in connection with the improvement of what Simpson perceived to be appellee's poor job performance. Compare *Anderson v. Chatham*, 190 Ga. App. 559, 566 (8) (379 SE2d 793) (1989) (post-employment threats of a personal and non-employment nature). There is no evidence that Simpson set out to retaliate or punish appellee, other than for appellee's allegedly poor job performance. Compare *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991) (retaliation and punishment for testifying against employer on behalf of another employee). Simpson did not have sole and complete authority to discharge appellee and, upon its review, ITT determined that appellee's job performance did, in fact, warrant action. Appellee was offered the option of demotion to another position, but with no reduction in pay or termination. Appellee opted for termination.

" ' " [P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt." ' A false accusation . . . in connection with one's employment conduct is undoubtedly a distressful, even 'horrifying' and traumatizing insult, but it is a common vicissitude of ordinary life." *Peoples v. Guthrie*, 199 Ga. App. 119, 121 (2) (404 SE2d 442) (1991). See also *Crowe v. J. C. Penney*, 177 Ga. App. 586, 588 (1) (340 SE2d 192) (1986). Some of "the language used by [Simpson] consisted either of expressions of dissatisfaction with [appellee's] job performance or suggestions that if [appellee] did not improve his job performance he might be terminated. . . . Claims for intentional infliction of emotional distress have been upheld by this court when the threats on

which those claims were based were outrageous and egregious. . . . [C]onsidered individually or collectively, the statements made to [appellee] could not have forseeably resulted in the mental distress of which [appellee] complains because they do not rise to the requisite level of outrageousness and egregiousness. [Cit.]" *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771, 772-773 (324 SE2d 593) (1984). See also *Moses v. Prudential Ins. Co. of Amer.*, 187 Ga. App. 222 (369 SE2d 541) (1988). Compare *Yarbray v. Southern Bell Tel. &c. Co.*, supra; *Coleman v. Housing Auth. of Americus*, supra; *Anderson v. Chatham*, supra. "An employee's ongoing frustration in the work place, born of a personality conflict with a co-employee, does not give rise to an action for intentional infliction of emotional distress. Such a conflict between employees is a matter to be resolved by the mutual employer. It should not be litigated in a court of law." *Kornegay v. Mundy*, 190 Ga. App. 433, 435 (1) (379 SE2d 14) (1989).

The conflict between Simpson and appellee *was* submitted to and resolved by their mutual employer. That ITT may have resolved that conflict in favor of Simpson does not give rise to a claim by appellee for intentional infliction of emotional distress. "Since, under applicable provisions of state tort law, at-will employment can be terminated for any or no reason, that [ITT determined to demote or discharge appellee] for whatever reason, without more, gives rise to no claim for the intentional infliction of emotional distress. [Cit.]" *Borden v. Johnson*, 196 Ga. App. 288, 290-291 (2) (395 SE2d 628) (1990). "We find as a matter of law that [Simpson's] conduct . . . is not the intentional infliction of emotional distress for which the law allows a recovery. Accordingly, the trial court did . . . err in [not] granting judgment n.o.v. to [Simpson] on this claim." *Peoples v. Guthrie*, supra at 122 (2).

"The only basis for a recovery against [ITT] would be [ITT's] vicarious liability for the tortious actions of [Simpson] as its employee. Where the liability of a party is premised solely upon his vicarious liability for the tortious actions of an agent and judgment is entered for the agent, the party alleged to be vicariously liable is also entitled to judgment. [Cits.] Accordingly, our holding [as to Simpson] mandates the reversal of the trial court's denial of [ITT's] motion for [judgment n.o.v. as to appellee's claim for intentional infliction of emotional distress]." *Kornegay v. Mundy*, supra at 435-436 (2).

2. The denial of Simpson's motion for judgment n.o.v. as to appellee's claim for slander is enumerated as error.

" '[W]hen the communication is intra-corporate, . . ., and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander.' *Kurtz* [*v. Williams*, 188 Ga. App. 14,] 15 [(3) (371 SE2d

878) (1988)]; [cits.]. Of the statements proven by admissible evidence, most were either made directly to [appellee] in one-on-one conversations, and therefore not published, or made in meetings with [appellee] and[/or] . . . supervisory personnel and[/or] a personnel department representative. These were all intra-corporate communications under *Kurtz.*" *Green v. Sun Trust Banks*, 197 Ga. App. 804, 809 (4a) (399 SE2d 712) (1990). " 'Publication of allegedly defamatory information in the course of an [intra-corporate] investigation of an employee's job performance, when made to persons in authority, is not "publication" within the meaning of the law. (Cits.)' [Cits.]" *Lepard v. Robb*, 201 Ga. App. 41, 43 (1) (410 SE2d 160) (1991).

Those remaining incidents wherein a lack of proof of Simpson's publication would not otherwise bar a recovery by appellee for slander fall into two categories. In one category, appellee offered no proof of the particular words or statements made by Simpson. Obviously, these incidents afford no basis for a recovery. "Damage to [appellee's] reputation would be actionable only if it was the result of [Simpson's] non-privileged publication of *false words* regarding [the] disciplining of [appellee] or the termination of [appellee's] employment." (Emphasis in original.) *Brewer v. MARTA*, 204 Ga. App. 241 (2) (419 SE2d 60) (1992). If there is no evidence of any specific words or statements uttered by Simpson, there can be no finding that he published a slander. See *Tomblin v. S.S. Kresge Co.*, 132 Ga. App. 212, 216 (5) (207 SE2d 693) (1974). The second category, consisting of instances wherein appellee did offer proof of Simpson's publication of particular words or statements, likewise affords no basis for a recovery. In this regard, the most that the evidence shows is that Simpson was of the general opinion that appellee's job performance was unsatisfactory and that, in expressing this opinion, Simpson would often use crude and profane language. The expression of such opinions does not constitute an actionable defamation. See *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 746 (3) (337 SE2d 770) (1985).

Accordingly, the trial court erred in denying Simpson's motion for judgment n.o.v. as to appellee's slander claim.

3. A review of the record clearly demonstrates that if appellee had any claim at all based upon his former employment with ITT, it would be a claim against Simpson for tortious interference. See *Georgia Power Co. v. Busbin*, 242 Ga. 612, 613 (2) (250 SE2d 442) (1978). That claim was submitted to the jury and a verdict in favor of Simpson was returned.

*Judgments reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 2, 1992 —

*Mack & Bernstein, Curtis L. Mack, Kathleen J. Van Detta,* for appellants.

*Sutton & Associates, Berrien L. Sutton,* for appellee.