A93A0748. BURTON v. DeKALB COUNTY.
(434 SE2d 82)

POPE, Chief Judge.

This is the second appearance of this case before this court. *Burton v. DeKalb County*, 202 Ga. App. 676 (415 SE2d 647) (1992). In April 1990 plaintiff/appellant Tina M. Burton filed a complaint against defendant DeKalb County, seeking damages for injuries she received when, while working for the State Department of Human Resources in a building owned by defendant county, she slipped and fell on water which had accumulated on the rest room floor. The trial court granted summary judgment to the defendant county on the basis that the plaintiff had failed to give proper ante litem notice of her claim as required by OCGA § 36-11-1. In *Burton*, we reversed the grant of summary judgment to defendant county. *Burton v. DeKalb County*, 202 Ga. App. at 679. Thereafter, defendant county renewed its motion for summary judgment on the grounds that plaintiff's claim was barred by the doctrine of sovereign immunity. The trial court granted defendant's motion, and plaintiff filed the present appeal. We affirm.

Plaintiff argues that sovereign immunity has been waived in this case because the present action is for a "tort based upon [a] contract." See Ga. Const. 1983, Art. I, Sec. II, Par. IX (which provides for a constitutional waiver of sovereign immunity in actions based on written contracts); *Bd. of Regents v. Tyson*, 261 Ga. 368 (1) (404

SE2d 557) (1991). The contract upon which plaintiff contends her action is based is a rental agreement between her employer, the State Department of Human Resources, and the defendant county, pursuant to which the county was obligated to maintain and repair the premises on which plaintiff was injured.[1] Although plaintiff is not a party to this agreement, she contends she is a third-party beneficiary of the contract and is, therefore, entitled to maintain an action against the county "based on" the contract. The trial court agreed that plaintiff was a third-party beneficiary under the contract, but found that her action sounded in tort, not contract. Therefore, the trial court held the constitutional waiver of sovereign immunity for actions ex contractu did not apply in this case.

We agree with the trial court that plaintiff's action against the county for the negligent failure to maintain the building sounded in tort, not contract, and that, therefore, there was no waiver of sovereign immunity in this case. Moreover, the fact that plaintiff is an employee of one of the parties to the contract, without more, does not evince the requisite intent to make plaintiff a beneficiary to the contract. " ' "In order for a third party to have standing to enforce a contract under (OCGA § 9-2-20 (b)) it must clearly appear from the contract that it was *intended* for his (or her) benefit. The mere fact that (the third party) would benefit from performance of the agreement is not alone sufficient." ' *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 391 (1) (367 SE2d 278) [(1988)]." . . . Also, '(t)here is no (express or implied) intention manifested in the contract that the (parties) compensate any member of the public for injurious consequences.' *Miree v. United States*, 242 Ga. 126, 136 (249 SE2d 573) [(1978)]." *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 348 (1) (d) (411 SE2d 75) (1991). See also *Backus v. Chilivis*, 236 Ga. 500 (II) (224 SE2d 370) (1976).

Although plaintiff makes a cogent argument that the defense of sovereign immunity should be abolished, this court has no authority to amend either our state Constitution or revise our statutory laws to effectuate this result.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1993 —
RECONSIDERATION DENIED JULY 19, 1993 — ▮▮▮▮▮▮▮▮▮

*Eichelberger & Perrotta, James A. Eichelberger, Joseph D. Per-*

---

[1] Although the county was not an original party to the agreement, it is undisputed that the county assumed the obligations under the lease agreement when it purchased the building from the prior owners.

*rotta*, for appellant.
   *Albert S. Johnson, Melinda B. White*, for appellee.