A97A0657. MERK v. DeKALB COUNTY.
(486 SE2d 66)

BLACKBURN, Judge.

Rita Merk appeals from the trial court's grant of summary judgment in favor of DeKalb County, Georgia, in her suit for breach of contract. After a sewer line flooded part of her home, Merk sued DeKalb County. She claimed that she and DeKalb County were parties to a contract for water and sewer service, and that by flooding her home with sewage, DeKalb County breached that contract. We affirm the grant of summary judgment.

The facts show that Merk is a DeKalb County resident and property owner, and that DeKalb County provides Merk with water and sewer services. Merk pays a fee for these services. On September 6, 1994, Merk's drain pipes flooded her home with sewage. DeKalb County responded to the flooding the same night, rectified the sewer problem, and cleaned up the sewage which had entered Merk's home. When the county refused to provide further relief, Merk instituted this suit. Her sole cause of action is breach of contract.

1. In order to avoid the bar of sovereign immunity and maintain an action against a county for breach of contract, a plaintiff must show that the contract sought to be enforced is in writing. See Ga. Const. 1983, Art. I, Sec. II, Par. IX; see also *Crider v. Zurich Ins. Co.,* 222 Ga. App. 177 (2) (474 SE2d 89) (1996) (sovereign immunity extends to counties). A plaintiff must also show that the written con-

tract has been entered on the minutes of the county governing authority. See OCGA § 36-10-1.

Attempting to come within those provisions, Merk argues that the Code of DeKalb County constitutes a written contract for sewer service between her and the county. She cites § 25-81 of Chapter 25 of the Code in support of this position. That section reads in pertinent part: "Persons desiring water service shall file application with the [public works] department and sign a standard contract form prior to receiving service. . . . The use of water service binds a person as if such person had signed a contract." While Merk acknowledges that this language pertains to water and not sewer service, she maintains that it creates an enforceable written contract for sewer service.

Merk's claim, though couched in contract, actually sounds in tort. We have held that when a plaintiff's action sounds in tort and not contract, even though the action is brought as a contractual one, no constitutional waiver of sovereign immunity results. See *Burton v. DeKalb County*, 209 Ga. App. 638, 639 (434 SE2d 82) (1993). In *Burton*, we held that plaintiff's slip and fall suit against a county for negligent failure to maintain the building in which she worked, though couched in contract based upon a written lease agreement for the building, sounded in tort. As a result, sovereign immunity was not waived. Id. at 639. Therefore, under the reasoning of *Burton*, there is no constitutional waiver of sovereign immunity in this case, and Merk's claims must fail.

Furthermore, even presuming arguendo that this action is contractual, the Code of DeKalb County does not constitute a written contract as contemplated by Ga. Const. 1983, Art. I, Sec. II, Par. IX. Our analysis in this respect is guided by *Bd. of Regents &c. of Ga. v. Tyson*, 261 Ga. 368 (404 SE2d 557) (1991). In that case, the plaintiff sued a hospital operated by the Board of Regents after she was assaulted by a fellow patient. Plaintiff asserted that her claim was not barred by sovereign immunity because all her hospital records constituted a written contract between her and the hospital for her care, and the hospital had breached that contract by allowing another patient to assault her.

The Supreme Court held that, even taken together, the various hospital records did not contain all the necessary terms of a contract and were not signed contemporaneous writings. Id. at 369. The court further noted the absence of " 'consideration moving to the contract,' " and concluded that "[w]hile there may have been a contract between the parties arising from their conduct, that contract is not a written contract. . . . As a consequence, we must conclude as a matter of law that this is not an action based on a written contract." (Footnote omitted.) Id. at 369-370.

The same reasoning applies to this case. Taking the sections of

the DeKalb County Code on water and sewer together, as Merk would have us do, it is clear that the Code does not contain all the necessary terms of a contract. It is a regulatory body of law containing penalties for non-compliance, and as it relates to Merk, it lacks consideration. Nor is it a collection of signed contemporaneous writings which can be combined to create an enforceable obligation. While, as in *Tyson*, these parties may have had an implied contract, an implied contract will not support a waiver of sovereign immunity under the provisions of the Georgia Constitution, and Merk has failed to show the existence of a written contract. See Ga. Const. 1983, Art. I, Sec. II, Par. IX.

The evidence is also uncontroverted that no contract naming Rita Merk appears on the minutes of the DeKalb County Board of Commissioners as required by OCGA § 36-10-1. As we have held that the Code itself does not constitute a written contract between Merk and DeKalb County, Merk's argument that the Code itself appears upon the minutes of the Board of Commissioners lends no support to her position.

Merk's reliance upon *Zepp v. Mayor &c. of Athens*, 180 Ga. App. 72 (348 SE2d 673) (1986), is misplaced. In that case, which concerned a dispute over the cost of water purchased by plaintiffs, we specifically held that no express contract existed between the parties for the provision of water. We also held that any contract the parties did have was both implied and *voluntary*. Id. at 75. Because Merk needs a written and not implied contract in order to prevail, and because her association with DeKalb County's sewer services is mandated and not voluntary, *Zepp* provides no authority for her position that she and DeKalb County had an enforceable written contract.

Merk chose not to pursue a nuisance claim, see *DeKalb County v. Orwig*, 261 Ga. 137 (402 SE2d 513) (1991), and she is therefore bound by the action she brought. As Merk has failed to show the existence of a written contract, DeKalb County was entitled to sovereign immunity on her claims, and the trial court properly granted summary judgment for the county on this issue.

2. Merk enumerates as error the trial court's refusal to allow her to withdraw certain admissions. Our holding in Division 1 does not rely upon these admissions and is dispositive of the case. We therefore need not address this enumeration.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 16, 1997 — Before Judge Majette.

*Sidney L. Moore, Jr.*, for appellant.

*Jonathan A. Weintraub, Susan C. Mullis, Bernard Knight, Joan F. Roach*, for appellee.