S97A1558. GLYNN COUNTY v. WATERS.
(491 SE2d 370)

CARLEY, Justice.

Larry Waters is a Glynn County department head who was accused of creating a hostile work environment. Although the county administrator offered Waters reassignment in lieu of termination, the county commission discharged him. Waters filed suit, seeking lost wages and equitable relief based upon allegations that the termination of his employment violated his procedural due process rights. On Glynn County's motion for summary judgment, the trial court found no violation of Waters' procedural due process rights. However, the trial court did find that the termination of Waters' employment was "contrary to law," because the exclusive authority for terminating his employment was vested in the county administrator, rather than in the county commission. In so holding, the trial court relied upon the county ordinance which provided that department heads, such as Waters, "shall be hired and terminated by the county admin-

istrator, subject to approval by the county commission. . . ." Since the county administrator had offered Waters reassignment in lieu of termination, the trial court concluded that Waters was entitled to elect as between those two options. Subsequently, Waters elected reassignment rather than termination. As the result of that election, the trial court entered a "supplemental" order which directed Glynn County to place Waters in another position in county government and to pay him the salary commensurate with that position. It is from this "supplemental" order that Glynn County brings this direct appeal, invoking our "equity" jurisdiction.

1. Initially, we must determine whether the "supplemental" order is directly appealable and, if so, whether this Court, rather than the Court of Appeals, has jurisdiction over the direct appeal. See generally *Saxton v. Coastal Dialysis &c. Clinic,* 267 Ga. 177 (476 SE2d 587) (1996).

The order is interlocutory, because Waters' claim for lost wages remains pending in the trial court. However, the order constitutes the grant of a mandatory injunction, "because it requires action, . . . that can affect the rights of parties to the litigation." *Padgett v. Cowart,* 232 Ga. 633, 634 (208 SE2d 455) (1974). Although it is denominated as a "supplemental" order, it is the first order in the case which requires Glynn County to perform the affirmative act of placing Waters in another position. See *Sandt v. Mason,* 208 Ga. 541, 545 (1) (67 SE2d 767) (1951). As the grant of a mandatory injunction, the order is directly appealable pursuant to OCGA § 5-6-34 (a) (4), even though the entire case lacks "finality" because of the pending claim for lost wages. *Earth Management v. Heard County,* 248 Ga. 442, 443 (1) (283 SE2d 455) (1981).

If the grant of the mandatory injunction is merely "ancillary" to the legal issue of the propriety of Glynn County's effort to discharge Waters, then jurisdiction is in the Court of Appeals. *Pittman v. Harbin Clinic Professional Assn.,* 263 Ga. 66 (428 SE2d 328) (1993). If, on the other hand, the appeal raises a "substantive" issue regarding the propriety of the equitable relief granted to Waters, then jurisdiction is in this Court. *Beauchamp v. Knight,* 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). The legal issue of the construction of the county ordinance is central to resolution of this case. However, there is no contention that, once that legal issue is resolved, the grant or denial of equitable relief to Waters becomes a matter of routine. Even if the trial court correctly construed the county ordinance as vesting exclusive authority to discharge Waters in the county administrator, it does not follow automatically that the trial court was authorized to grant equitable relief in the form of a mandatory injunction compelling Glynn County to place him in another position. Since the propriety of the equitable relief granted to Waters is not merely ancillary to

the underlying issue of the construction of the county ordinance, this is an "equity" case within this Court's jurisdiction. Compare *Pittman v. Harbin Clinic Professional Assn.*, supra; *Beauchamp v. Knight*, supra.

2. Glynn County contends that the trial court misconstrued the county ordinance as vesting in the county administrator the exclusive authority to terminate Waters' employment. By its terms, the county ordinance unambiguously provides that the county administrator has the authority to hire and discharge Waters and that the county commission has only the authority to approve the county administrator's decision. "The power of approving a person appointed by another does not include the power to discharge that appointee." *Richmond County v. Jackson*, 234 Ga. 717, 719 (1) (218 SE2d 11) (1975). The county commission

> "can exercise no powers except such as are expressly given or are necessarily implied from express grant of other powers, and if there is a reasonable doubt of the existence of a particular power, this doubt is to be resolved in the negative. (Cits.)" [Cit.]

*Local Div. 732, Amalgamated Transit Union v. MARTA*, 253 Ga. 219, 222 (3) (a) (320 SE2d 742) (1984). Since the county commission has neither express nor implied authority to hire and discharge Waters, the trial court correctly construed the county ordinance as vesting the exclusive authority to do so in the county administrator. *Richmond County v. Jackson*, supra at 719 (1).

Glynn County further asserts that, notwithstanding any noncompliance with the provisions of the county ordinance, Waters was an at-will employee subject to discharge by the county commission. There is no dispute that Waters, as an at-will employee, could be discharged at the will of whomever was authorized to make that determination. Under the terms of the applicable ordinance, however, only the county administrator, not the county commission, was authorized to discharge Waters. The authority of the county commission extends only to approval or disapproval of the county administrator's decision regarding Waters' employment and, consequently, it was without authority to initiate its own effort to discharge Waters. The county commission's lack of authority is a fundamental, rather than a procedural, defect in Glynn County's efforts to discharge Waters. *Richmond County v. Jackson*, supra. Compare *Jones v. Chatham County*, 223 Ga. App. 455 (477 SE2d 889) (1996); *Brewer v. MARTA*, 204 Ga. App. 241 (1) (419 SE2d 60) (1992); *Garmon v. Health Group of Atlanta*, 183 Ga. App. 587 (359 SE2d 450) (1987).

3. Citing *Wilson v. Latham*, 227 Ga. 530 (181 SE2d 830) (1971), Glynn County urges that the trial court erred in granting Waters equitable relief, because his only remedy was a writ of certiorari to review the action of the county commission. A "writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers. . . ." OCGA § 5-4-1 (a). Thus, in *Wilson*, certiorari was the appropriate remedy to review the decision reached by a municipal personnel board on the appeal of a discharged employee, since consideration of the employee's appeal of his discharge was undertaken by the municipal personnel board in the exercise of its judicial or quasi-judicial powers. Here, however, the county commission was not considering Waters' appeal from his discharge by the county administrator. The county administrator had offered Waters reassignment in lieu of termination and the decision to discharge Waters was reached by the county commission acting on its own authority. By discharging Waters on its own authority rather than limiting itself to a review of the disciplinary decision reached by the county administrator, the county commission purported to act ministerially, rather than judicially. See generally *Southeastern Greyhound Lines v. Ga. Public-Svc. Comm.*, 181 Ga. 75 (181 SE 834) (1935). Compare *Wilson v. Latham*, supra; *Salter v. City of Thomaston*, 200 Ga. App. 536 (409 SE2d 88) (1991); *Willis v. Jackson*, 148 Ga. App. 432 (251 SE2d 341) (1978). Moreover, even assuming that the county commission was acting judicially when it discharged Waters, it lacked the requisite authority to do so and certiorari is not an available remedy to review a void judgment. "It is well established that certiorari will not lie to set aside a void, as distinguished from an erroneous, judgment. [Cit.]" *Sharpe v. Rives*, 222 Ga. 204, 207 (149 SE2d 70) (1966). "[T]his court has held repeatedly that the writ of certiorari will not lie when the attack on the order or judgment in question is on the ground that it is void. [Cits.]" *Ga. Public Svc. Comm. v. Atlanta Gas Light Co.*, 205 Ga. 863, 876 (2) (55 SE2d 618) (1949). Having correctly held that the county administrator had the exclusive authority to discharge Waters, the trial court properly found that Waters was entitled to equitable relief against Glynn County for the county commission's unauthorized act of discharging him. See *Richmond County v. Jackson*, supra.

4. Glynn County has no sovereign immunity defense to Waters' claim for equitable relief. *IBM Corp. v. Evans*, 265 Ga. 215, 216 (1) (453 SE2d 706) (1995). Whether that defense is viable as against Waters' claim for lost wages is an issue which has not been addressed in the trial court and, therefore, we cannot consider it on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gregory T. Carter,* for appellant.
*Fletcher Farrington,* for appellee.