## A98A2256, A98A2257. WATERS v. GLYNN COUNTY;
### and vice versa.
#### (514 SE2d 680)

POPE, Presiding Judge.

Larry Waters was terminated from his position as a department head in Glynn County after he was accused of rape and creating a hostile work environment by another Glynn County employee. Although the county administrator originally gave Waters the option of taking a reassignment in lieu of termination, the Glynn County commission subsequently discharged him. Waters sued the county, seeking lost wages and equitable relief, claiming that his termination had violated due process. While the trial court found that no due process violation had occurred, it held Waters' termination was unauthorized because the applicable county ordinance vested the county administrator, and not the commission, with the authority to discharge Waters. Accordingly, the trial court found that Waters was entitled to exercise the option granted by the county administrator. When Waters opted to take the reassignment, the trial court entered an order directing the county to give Waters another position in county government.

In an earlier appeal in this case, the Supreme Court affirmed the trial court's finding that Waters' termination was illegal. *Glynn County v. Waters*, 268 Ga. 500, 502-503 (2), (3) (491 SE2d 370) (1997). In reaching this conclusion, the Supreme Court agreed with the trial court that as a department head, Waters was expressly excluded from Glynn County's personnel ordinance and was thus an at-will employee, whose employment was subject to termination by the county administrator. Id. at 502 (2). And because the county commission's termination of Waters was unauthorized, the Supreme Court agreed that Waters was entitled to the equitable relief granted by the trial court. Id. at 503 (3). Further, while the decision confirmed that the county had no sovereign immunity defense to Waters' claim for equitable relief, it reserved decision on whether the county had immunity from the claim for back pay, as the trial court had not yet addressed the issue. Id. at 503 (4).

After the Supreme Court's decision, the parties filed cross-motions for summary judgment on the issues of back pay and attorney fees. The trial court found that Waters' claim for back pay was barred by sovereign immunity, but held that the claim for attorney fees was not. The parties have filed cross-appeals, and we affirm.

### Case No. A98A2256

1. Waters argues that the trial court erred in holding that his claim for back pay is barred by sovereign immunity because his claim

arises out of his employment contract with Glynn County, and sovereign immunity has been waived as to contract actions against the county under Art. I, Sec. II, Par. IX (c) of the 1983 Georgia Constitution.

> In 1991, the constitutional doctrine of sovereign immunity was amended to extend sovereign immunity "to the state and all of its departments and agencies," and this immunity is to prevail except as specifically provided therein. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

*Gilbert v. Richardson*, 264 Ga. 744, 746 (1) (452 SE2d 476) (1994). The phrase "the state and its departments and agencies" has long been interpreted to include counties within the ambit of sovereign immunity. Id. at 747 (2); *Miller v. Ga. Ports Auth.*, 266 Ga. 586, 588-589 (470 SE2d 426) (1996).

The Georgia Constitution also provides that sovereign immunity is waived "as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c). Thus, the defense of sovereign immunity has been waived for actions arising out of *written* contracts entered into by a county. See *Cherokee County v. Hause*, 229 Ga. App. 578, 580 (494 SE2d 234) (1997); *Merk v. DeKalb County*, 226 Ga. App. 191 (1) (486 SE2d 66) (1997).[1]

Waters asserts he had a written contract with the county by virtue of his acceptance of the county's written offer of employment. But the mere acceptance of a written offer of employment for an indefinite term, such as the offer made to Waters, does not create an enforceable written contract. "The writing on which [Waters] relies does not include the duration of the contract, so the contract is incomplete and unenforceable. [Cit.]" *Presto v. Scientific-Atlanta*, 193 Ga. App. 606 (1) (388 SE2d 719) (1989). See also *Merk v. DeKalb County*, 226 Ga. App. at 192 (1) (while a contract may arise between parties arising from their conduct, it is not a written contract).

2. Waters also argues that he is entitled to back pay because he was a merit system employee at the time of his termination and such employees have the right to sue for back pay. Waters bases this argument on the trial court's finding that OCGA § 36-1-21, by authorizing

---

[1] While Waters asserts that his claim for back pay is a contractual one arising out of his employment with the county, his complaint alleges only that his due process rights were violated. To the extent such a claim sounds in tort, even though he now couches it in contractual terms, we have held that no constitutional waiver of sovereign immunity results. *Merk v. DeKalb County*, 226 Ga. App. at 192 (1). For purposes of this appeal, however, we will assume that Waters has asserted a claim for contractual damages.

Glynn County to create its merit system, also established a waiver of immunity for claims by merit system employees to enforce the county's obligations under the system.

We need not reach this issue, however, because the Supreme Court previously has found that Waters was not a merit system employee, but rather an at-will employee. *Glynn County v. Waters*, 268 Ga. at 502 (2). Thus, Waters would not fall within the ambit of OCGA § 36-1-21. As we are bound by that finding as the law of the case, we find that no waiver of sovereign immunity exists for Waters' claim of back pay. See *Southern Co. v. Hamburg*, 233 Ga. App. 135, 136 (503 SE2d 383) (1998); *Dicks v. Zurich American Ins. Co.*, 231 Ga. App. 448, 450 (499 SE2d 169) (1998).[2]

Therefore, we affirm the trial court's denial of Waters' motion for summary judgment. See *Smith v. Steinemann Dev. Co.*, 230 Ga. App. 635, 637 (2) (497 SE2d 255) (1998) (a trial court's ruling will be affirmed if it is right for any reason).

### Case No. A98A2257

3. Glynn County appeals from the trial court's denial of its motion for summary judgment as to attorney fees. The trial court found that Waters is entitled to recover attorney fees in connection with his equitable action, if he is able to establish the grounds set forth in OCGA § 13-6-11. The county argues that Waters' claim for attorney fees is barred by sovereign immunity because there has been no specific statutory waiver allowing the recovery of attorney fees against a county.

It is well settled that OCGA § 13-6-11 does not state a cause of action, but "merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages." (Citations and punctuation omitted.) *Gardner v. Kinney*, 230 Ga. App. 771, 772-773 (498 SE2d 312) (1998); *Brown v. Baker*, 197 Ga. App. 466, 467 (2) (398 SE2d 797) (1990). Therefore, no separate statutory waiver of sovereign immunity is required to allow the recovery of such damages against a governmental entity. See *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 826 (5) (426 SE2d 905) (1992) (upholding trial court's denial of DOT's motion for directed verdict for the defense of sovereign immunity as to OCGA § 13-6-11 damages); *Eastern Air Lines v. Fulton County*, 183 Ga. App. 891, 894-895 (4) (360 SE2d 425) (1987).

The Supreme Court found that Waters was entitled to equitable relief against the county, *Glynn County v. Waters*, 268 Ga. at 503 (3),

---

[2] Moreover, Waters is seeking back pay from his position as a department head, an at-will position, and not from the position he held at the time of his termination.

and attorney fees under OCGA § 13-6-11 are recoverable in equitable actions. See *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 137 (4) (327 SE2d 192) (1985); *Jones v. Spindel*, 239 Ga. 68 (235 SE2d 486) (1977); *King v. Baker*, 214 Ga. App. 229, 234 (4) (447 SE2d 129) (1994). Accordingly, Waters is entitled to the recovery of attorney fees for his equitable action if he can establish the grounds laid out in OCGA § 13-6-11.

4. Glynn County also argues that there are no grounds for an award of attorney fees in this case. The county asserted this position before the trial court by stating in conclusory fashion that Waters' claim for attorney fees failed on the merits. However, it offered no citation or argument to support this position. In denying Glynn County's motion for summary judgment, the trial court found that the claim for attorney fees was not barred by sovereign immunity. The order then stated that Waters should be entitled to recover his litigation expenses "if the stringent criteria for an award under OCGA § 13-6-11 are satisfied." But the trial court never addressed these criteria and thus never considered Glynn County's argument that the claims fail as a matter of law. There was no ruling, one way or the other, as to whether general issues of material fact remained with regard to this claim.

Where a trial court does not rule on an issue, it remains outside the jurisdiction of this Court and we cannot consider it. See *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 339 (1) (b) (494 SE2d 38) (1997); *Paulsen Street Investors v. EBCO Gen. Agencies*, 224 Ga. App. 507, 508 (481 SE2d 246) (1997); *Sharpnack v. Hoffinger Indus.*, 223 Ga. App. 833, 836 (3) (479 SE2d 435) (1996).

*Judgments affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED MARCH 16, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999 — ▮▮▮▮▮▮

*Fletcher Farrington*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gregory T. Carter*, for appellee.