[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15503
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-02027-CV-TWT-1

TRINA L. BAYNES,

Plaintiff-Appellant,

versus

PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 24, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Trina L. Baynes, proceeding *pro se*, appeals the district court's grant of

summary judgment in favor of Philips Medical Systems ("Philips") on her claim asserting intentional infliction of emotional distress ("IIED"). She asserts that Philips's employees acted outrageously in April 2006 by making her travel to Cleveland for a training trip and by telling her that she had to work seventeen days with only one day off shortly after she underwent heart catheterization. Further, she argues that Philips employees acted extremely and outrageously by: (1) making false accusations against her during a May 2006 meeting, causing her to experience physical symptoms of anxiety; (2) repeatedly calling her while she was on medical leave from May through August 2006; (3) improperly disclosing her medical information by telling the team leader that Baynes had an appointment for a medical exam; (4) again confronting her with false accusations immediately after she returned to work in August 2006 and thereby causing her to have an anxiety attack; and (5) terminating her for "job abandonment" in August 2006. Baynes says that the district court erred by failing to consider "large amounts of evidence" and by offering "flawed justification[s] for its ruling" because it granted summary judgment in favor of Philips.

In addition, Baynes argues that both the district court and this Court erred in denying her motions for leave to proceed on appeal *in forma pauperis* ("IFP"), and that the district court erred by allowing Philips to remove the case to federal court.

2

DISCUSSION

We review *de novo* a district court's grant of summary judgment. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir. 2008) (citing Fed. R. Civ. P. 56(c)).

1.  *IIED Claim*

To establish a claim for IIED under Georgia law, a plaintiff must show (1) intentional or reckless conduct (2) that is extreme and outrageous and (3) caused emotional distress (4) that is severe. *Trimble v. Circuit City Stores*, 469 S.E.2d 776, 778 (Ga. Ct. App. 1996). The plaintiff's burden of proof as to these elements is a "stringent one," *Bridges v. Winn-Dixie Atlanta, Inc.*, 335 S.E.2d 445, 447 (Ga. Ct. App. 1985), such that "'the recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim 'Outrageous!''" *Yarbray v. S. Bell Tel. & Tel. Co.*, 409 S.E.2d 835, 837 (Ga. Ct. App. 1991) (citing and quoting *Restatement (Second) of Torts* § 46(1) cmt. d). Furthermore, even where the defendant had control over the plaintiff, as in an employer–employee relationship, and was aware of the plaintiff's particular

3

susceptibility to emotional distress, Georgia courts find in favor of the defendant unless the conduct at issue "inherently ha[s] an element of outrageousness or extreme wrongfulness." *See Jarrard v. United Parcel Serv.*, 529 S.E.2d 144, 148 (Ga. Ct. App. 2000).

Moreover, "mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living," are insufficient to establish extreme or outrageous conduct. *Id*. at 147. Thus:

> the law is clear that performance evaluations critical of an employee do not fall into the outrageous category even though (i) given in crude and obscene language, (ii) done with a smirk, (iii) conducted in a belittling, rude, and condescending manner to embarrass and humiliate the employee, (iv) given at a poor time, (v) tinged with the intent to retaliate for former conflicts, and (vi) constituting a false accusation of dishonesty or lack of integrity.

*Id.* (footnotes omitted). Furthermore, a supervisor's inquiries about an employee's condition, even if done in a manner that embarrasses or humiliates the employee, do not constitute the type of shocking or outrageous behavior that is necessary to state a claim for intentional infliction of emotional distress. *See Bowers v. Estep*, 420 S.E.2d 336, 339 (Ga. Ct. App. 1992) (explaining that supervisors were authorized to inquire into the appellant's condition to make necessary adjustments in his work schedule). Finally, the termination of an at-will employee, for any reason or for no reason at all, does not give rise to a claim for IIED. *See ITT*

4

*Rayonier, Inc. v. McLaney*, 420 S.E.2d 610, 612 (Ga. Ct. App. 1992).

Because Baynes filed this action in state court in May 2008, the district court properly found that her claims arising from the April 2006 Cleveland training trip and Philips's imposition of a schedule requiring her to work seventeen days with only one day off are barred by Georgia's two-year statute of limitations. *See* O.C.G.A. § 9-3-33 (providing that the statute of limitations for actions alleging injuries is two years from the time the right of action begins to accrue). With respect to the May and August 2006 meetings, the telephone calls Baynes received while on medical leave, the alleged disclosure of medical information, and her termination, the district court properly applied Georgia law to find that Philips's conduct was not sufficiently "extreme and outrageous" to support her claim for intentional infliction of emotional distress.

To the extent that Baynes now raises claims of retaliation, harassment, and hostile work environment, her claims are waived because she failed to raise them before the district court. *See Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1536 (2010).

2.     *Motion for Leave to Proceed IFP*

We review a district court's denial of a motion for leave to proceed IFP for abuse of discretion. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th

5

Cir. 2004) (per curiam). The district court denied Baynes's motion for leave to proceed IFP because it found that her appeal is frivolous. This Court denied her March 2010 motion for reconsideration because Baynes failed to offer any new evidence or arguments of merit to warrant relief. We will not revisit that conclusion here.

3. *Argument That Removal Was Improper*

Finally, although we liberally construe *pro se* pleadings, a *pro se* litigant who offers no substantive argument on an issue in her initial brief abandons that issue on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Baynes says in her Statement of Issues that the district court erred by allowing the removal of her case to federal court. However, she fails to set forth any argument supporting this claim; therefore, she has abandoned the issue and we will not consider it here.

CONCLUSION

After *de novo* review, construing facts in the light most favorable to Baynes, we agree with the district court and affirm its grant of summary judgment in favor of Philips.

**AFFIRMED.**

6